J. MILLARD TAWES, COMPTROLLER, ET AL. *v.* CLARA S. WILLIAMS

CLARA S. WILLIAMS *v.* J. MILLARD TAWES, COMPTROLLER, ET AL.

[Nos. 70, 71, October Term, 1940.]

*Decided January 3rd, 1941.*

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*T. Hughlett Henry,* and *W. Thomas Kemp, Jr.,* with whom were *Piper, Watkins & Avirett* on the brief, for Clara S. Williams.

*William L. Henderson, Deputy Attorney General,* and *Norwood B. Orrick, Assistant Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for the Comptroller.

JOHNSON, J., delivered the opinion of the Court.

Clara S. Williams, a resident of Talbot County, is a widow with two minor children. During the calendar year 1939 she received income (a) from the operation of a dairy, (b) from intangible property owned by her, and (c) from a trust created by the will of her late husband, of which a trust company of Pittsburgh, Pennsylvania, was trustee, and as to which she is a life beneficiary in a one-half interest thereof. In determining the income tax payable by her for the year mentioned under the provisions of chapter 277 of the Acts of 1939 (Code, art. 81, secs. 240-253), she contended (1) that section 244(a) thereof did not apply to her income from the foreign fiduciary trustee; (2) that said section as applied thereto was unconstitutional and void, and (3) that even. through such income were taxable under the Act, it should be treated as "ordinary" income, as to which she was not taxable at more than two and one half per cent.

Accordingly, under the provisions of chapter 294 of the Acts of 1939, Code, art. 31A, known as the Uniform Declaratory Judgments Act, she filed her bill of complaint in the Circuit Court for Anne Arundel County, seeking to have her tax status determined and declared and to have section 244(a) declared unconstitutional as to her foreign fiduciary income. She further sought a declaration, were such income declared to be taxable, to have it treated as "ordinary" income and to enjoin the Comptroller of the State of Maryland, the Attorney General of the State, the State Treasurer, and the County Commissioners of Talbot County, named as defendants in the bill, from levying and collecting a tax thereon exceeding two and one half per cent, and from levying or collecting any tax on "any income from such fiduciary

estate not received by or distributable to" her, and further to enjoin them from compelling her to file a return with respect thereto, or imposing any penalty or interest with respect thereto, pending final determination of the case.

The state officials, as well as the Commissioners for Talbot County filed separate demurrers to the bill of complaint, principally upon the ground that it stated no facts entitling the plaintiff to relief under the Uniform Declaratory Judgments Act, Code, art. 31A. Those demurrers were overruled by the chancellor, whereupon answers were filed by the state officials, as well as the county commissioners, and upon stipulation of the facts by the parties the chancellor passed a declaratory decree, (1) that section 244(a) of chapter 277 of the Acts of 1939 was valid and constitutional as applied to plaintiff's foreign fiduciary income; (2) that such income was to be classified as "investment" income and taxed accordingly, and (3) that plaintiff's income tax under the Act referred to was to be computed upon the actual income she received from the non-resident trustee.

The plaintiff has appealed from the two declarations first mentioned, while the Comptroller of the State, the remaining state officials having been dismissed, has appealed from the declaration to the effect that her tax was to be based upon the actual income received from the trustee.

The first question for consideration relates to the chancellor's action in overruling the demurrers filed by the defendants; while, if that action is found to have been correct, other questions for consideration relate to the correctness of the provisions of the declaratory decree to which reference has been made.

We will first consider the chancellor's action in overruling defendants' demurrers.

In *Porcelain Enamel & Mfg. Co. v. Jeffrey Mfg. Co.,* 177 Md. 677, 11 A. 2nd 451, we were dealing with a situation in which a plaintiff under its provisions sought a declaration as to whether one or both of two sub-con-

tractors caused the delay in the completion of certain work. We held the Declaratory Judgments Act inapplicable and that the proceeding was not to be used to determine occurrences in the progress of completed contract work; that the Act did not take the place of an ordinary action for damages for a breach of contract, even though information was lacking to the plaintiff as to which of the two contractors caused the delay.

Later the case of *Oursler v. Tawes,* 178 Md. 434, 13 A. 2nd 763, was before us, but an examination of the opinion in that case discloses that the applicability of the Act was neither presented nor considered.

But at the same time, in *Caroline Street Permanent Building Assn. No. 1 v. Sohn,* 178 Md. 434, 13 A. 2nd 616, 620, the Act was more thoroughly analyzed and construed than in the other cases brought under its provisions. While admitting that the view was not universally entertained, we said: "The weight of reason and authority supports the view that the Act is to supplement and not to supersede effective ordinary actions at law or suits in equity. * * * Thus where there exists an immediate cause of action between the parties for which one of the common remedies of law or equity is adequate and available, a proceeding for a declaratory judgment is not appropriate within the contemplation of the Act."

In *Morgan v. Dietrich, Admr.,* 179 Md. 199, 16 A. 2nd 916, the plaintiff invoked the provisions of article 31A, and sought (a) a declaration that the defendant was estopped from proceeding with the probate of an alleged third codicil to the last will and testament of Mary E. Walsh; (b) a further declaration that the paper writing offered as an alleged third codicil to her will was not testamentary in character. We affirmed the chancellor in sustaining a demurrer to the bill of complaint, and the principal reason for the holding lay in the fact that the orphans' court had been vested with jurisdiction to admit or refuse probate of the document, and from its action, the plaintiffs were given a right of appeal to this court, thus recognizing the principle that the Act did not apply

to causes as to which the Legislature had provided special tribunals with authority to decide such controversies.

The same Legislature which enacted chapter 294 also enacted chapter 277. A consideration of the enactment last mentioned shows the elaborate and specific provisions set up for the trial of issues arising under the income tax statute. In the first instance the comptroller is required to examine and audit the returns of taxables and compute the taxes due by them, and if such computation requires it, he must make an assessment and mail notice thereof to the taxable, who if dissatisfied is given an appeal to the State Tax Commission, which is expressly required to review the assessment on the law and the facts. If dissatisfied with the decision of the State Tax Commission the taxpayer may from its findings appeal to the Circuit Court, and from that court a further appeal is given to this court. It thus appears that the Legislation has in detail specifically designated the manner in which the determination of the amount of income taxes due shall be made. It therefore appears that the special statutory remedy given by chapter 277 of the Acts of 1939 is exclusive of the general statutory remedy provided by chapter 294. It would seem most unlikely that the Legislature would have so elaborately provided this special statutory remedy and by enacting chapter 294 have intended to enable a taxpayer at his mere whim to impose the duties of administrative officers upon the courts.

Jurisdiction must exist in the present case, if at all, by virtue of the provisions of chapter 294, but since the Legislature at the same session has given specific jurisdiction first to the Comptroller, next to the State Tax Commission and successive appeals both to circuit courts and this court, this of itself is, in our judgment, sufficient to show that it did not intend by the enactment of chapter 294 to confer jurisdiction in situations of this character. The Legislature has pointed out definitely certain tribunals and conferred upon them authority to decide the matter, and this being true, it must be held that the chan-

cellor erred in concluding that under the allegations of the bill of complaint jurisdiction existed under the Declaratory Judgments Act.

We do not understand that this view is controverted even by those regarded as leading proponents of the Uniform Act, for, as Professor Borchard, who is regarded as an authority on the subject, points out in his work, "where, however, a special statutory method for the determination of the particular type of case has been provided, it is not proper to permit that issue to be tried by declaration."

See also *Anderson* on *Declaratory Judgments,* sec. 43, page 127, where it is stated: "Declaratory judgments have generally been refused in the following cases: (1) where it would serve no useful purpose, (2) Where a special tribunal has been provided to handle specified controversies and a declaration of rights is sought as to matters falling within such specifications; * * *."

Entertaining the views hereinbefore expressed, it must be held that the Circuit Court for Anne Arundel County, in equity, was without jurisdiction. The decrees appealed from must be reversed and the bill of complaint dismissed.

> *Decree in No. 70 reversed and bill of complaint dismissed; decree in No. 71 reversed and bill of complaint dismissed; the costs in both cases to be paid by appellant in No. 70.*