## COMMISSIONERS OF CAMBRIDGE *v.* EASTERN SHORE PUBLIC SERVICE CO.

[No. 83, October Term, 1948.]

334

*Decided February 11, 1949.*

336

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Frederick P. McBriety* for the appellant.

*F. W. C. Webb,* with whom were *Woodcock, Webb, Bounds. & Travers* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Dorchester County sustaining a demurrer to a bill of complaint for declaratory relief, without leave to amend, and dismissing the bill. The bill alleges that the appellant was granted authority, by chapter 339 of the Acts of 1947, to construct or acquire an electric light and power generating and distributing system; that the appellee presently owns and operates an electric power distribution system through which it distributes and sells all the electric energy consumed in Cambridge; that the appellee claims to hold an exclusive franchise to sell and distribute electric energy in Cambridge, but the appellant believes and alleges that the appellee hold no franchise to do so, exclusively or otherwise. The bill alleges that the controversy as to the franchise should be resolved by a declaratory decree, before the appellant applies to the Public Service Commission for a certificate of authority to construct its own system, and before spending the large sums of money that would be necessary for surveys, engineering and other expenses preliminary to such application. The prayers of the bill are that the appellee be declared to be without franchise to serve the citizens of Cambridge, and for other and further relief.

The appellee contends, and the chancellor decided, that declaratory relief should not be granted because: (1) the special form of remedy provided by the Public Service Commission Law precludes declaratory relief, and (2) declaratory relief in advance of consideration by the Public Service Commission is inappropriate, under the circumstances shown, in the exercise of a sound judicial discretion.

The rule that where an appeal from the action of an administrative body is provided by statute, such remedy is exclusive, is older than declaratory judgment and has a wider application. *Board of County Commissioners of Anne Arundel County v. Buch,* 190 Md. 394, 402, 58 A. 2d 672, 676; *Kahl v. Consol. Gas, Electric Light & Power Co.,* 191 Md. 249, 258, 60 A. 2d 754, 758, 760. But it is predicated upon the undesirability of by-passing administrative action, particularly where such action is within the expert knowledge of the administrative tribunal. Compare *Oursler v. Tawes,* 178 Md. 471, 13 A. 2d 763, and *Tawes v. Williams,* 179 Md. 224, 17 A. 2d 137, 132 A. L. R. 1105. Many instances might be cited where the rule has not been applied, in cases involving property or constitutional rights which are essentially judicial and not administrative questions. Compare *Jones v. Gordy,* 169 Md. 173, 180 A. 272, and *Buck Glass Co. v. Gordy,* 170 Md. 685, 185 A. 886. The rule was applied in *Tawes v. Williams, supra,* in a case arising under the Declaratory Judgments Act, Art. 31A of the Code, although there was no specific reference to special remedies in the Act at that time. The statutory right to appeal from an income tax assessment was held to be exclusive. The decision was criticized by *Borchard, Declaratory Judgments,* 2d Ed., p. 249, 345, on the ground that strictly legal and constitutional questions were presented, although the learned author recognizes that the declaratory action was not designed to interfere with the jurisdiction of special courts or special statutory procedure for a particular type of case (p. 342).

In 1945 the Maryland legislature amended section 6 of Art. 31A, Code (1939), and by recitals in the amendatory act, chapter 724, Acts of 1945,.made it clear that it was the legislative intent to make the declaratory remedy freely available, regardless of whether another adequate remedy was available at law or in equity. We have fully recognized the force of the amendment. *Ryan v. Herbert,* 186 Md. 453, 458, 460, 47 A. 2d 360; *Schultz v. Kaplan,* 189 Md. 402, 407, 56 A. 2d 17, 19; *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 456, 56 A. 2d 144, 149. After stating generally that relief by declaratory judgment or decree may be granted in all civil cases in which an actual controversy, susceptible of termination, exists, section 6, Art. 31A, Code (1947 Supp.), as amended, provides: "When, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case in which the other essentials to such relief are present; * * *."

The appellee contends that a special statutory remedy exists under section 380 and 408 of Art. 23 of the Code. Section 380 provides, among other things, that complaints in writing may be filed with the Public Service Commission, "setting forth anything * * * done or omitted to be done by any common carrier or corporation subject to its supervision, in violation * * * of law or the terms and conditions of its franchise or charter, or of any order of the Commission * * *"; and if "it shall appear to the commission that there are reasonable grounds therefor, it shall investigate such charges in such manner and by such means as it shall deem proper, and take such action within its power as the facts justify." If it decides to investigate and does so it is directed to pass an order either dismissing the complaint or direct-

ing "the common carrier complained of to satisfy the cause of the complaint in whole or to the extent which the commission may specify and require."

Section 408 provides that if the Commission finds a violation of law or its orders, it "shall direct counsel to the commission to commence an action or proceeding before one of the judges of the supreme bench of Baltimore City or in one of the circuit courts of the counties, in the name of the commission, for the purpose of having such violation stopped and prevented either by mandamus or injunction."

It is clear that the Eastern Shore Public Service Company and the municipal corporation of Cambridge, if it exercises the powers granted to it by chapter 339, Acts of 1947, are both subject to the general supervisory powers of the Public Service Commission, as "electrical corporations." Sections 344 and 345 of Art. 23 of the Code. While such powers cover the exercise, abandonment or transfer of a franchise, it is equally clear that the Commission has no power to grant a franchise. *Kelly v. Consolidated Gas, E. L. & P. Co.*, 153 Md. 523, 539, 138 A. 487. That is essentially a legislative function. The Public Service Commission is essentially a regulatory body. *Electric Public Utilities Co. v. Public Service Commission*, 154 Md. 445, 453, 140 A. 840. On the other hand, the validity or extent of charter powers or franchises is a judicial question. *City & Suburban R. R. v. Washington, Westminster & Gettysburg R. R. Co.*, 122 Md. 655, 658, 90 A. 521. In passing upon the question whether to grant or refuse a certificate of authority to operate in a particular area, the Commission possesses the incidental or implied power to determine "what kind of franchise, if any," is held by the utility presently in operation. *Mayor & Council of Crisfield v. Public Service Commission*, 183 Md. 179, 36 A. 2d 705. But this is a question of law, or a mixed question of law and fact, completely subject to review by the courts. In the *Crisfield case* we said, 183 Md. at page 189, 36 A. 2d at page 710, that the controlling question was whether the Com-

mission's finding "was lawful, that is to say, if it correctly found that protestant's franchise was a 'perpetual' one." Referring to the *Kelly* case, we said 183 Md. at page 201, 36 A. 2d at page 715: "In that case, as in the one at bar, the question being dealt with concerned the power of the Legislature to amend charters and the effectiveness of such amendments."

In the *Kelly* case the proceeding was by bill for an injunction, and while it was recited in the bill that complaint had been made to the Public Service Commission, and that the Commission had refused to investigate, it seems to have been conceded that there could be no review of the exercise of its discretion in refusing to do so. In any event, the fact that the Commission possessed a power to investigate did not prevent the equity court from assuming jurisdiction to determine the question as to the validity and extent of the franchise.

In the case at bar it seems clear that if complaint had been lodged with the Commission there could be no effective relief. Assuming that the Commission found reasonable grounds of complaint and decided to investigate by means of a formal hearing (although the statute does not specify a hearing), and then dismissed the complaint, it is not clear that any appeal would lie from that order. The dismissal of the complaint would not be a judicial determination of legal rights, even if the Commission possesses the implied power to determine legal rights, independently of its power to regulate service. On the other hand, if the Commission found in favor of the complainant, it could not enforce its order except by the institution of court proceedings in its own name by way of mandamus or injunction, whereupon the whole matter would be open to judicial determination and the findings of fact made by the Commission would be fully open to review.

Under these circumstances, we think the existence of a right to complain to the Commission is not such a statutory remedy as to preclude the determination of the legal question in a proceeding for declaratory relief. The enforcement of such a right seems to fall in the category

of "an equitable remedy, or an extraordinary legal remedy * * * recognized or regulated by statute", rather than "a special form of remedy for a specific type of case", within the meaning of Section 6 of Art. 31A. In the light of the history of the amendment we think it was designed to enlarge and not restrict declaratory relief, and to bring the construction of the Act "back into harmony with that of practically all the rest of the country." *Borchard, Declaratory Judgments,* 2d Ed., p. 346; *Ryan v. Herbert, supra.* In a case involving quite similar facts, it was held that declaratory relief was available to determine franchise rights. *State v. Central States Electric Co.,* 1947, 238 Iowa 801, 28 N. W. 2d 457, 466. See also *Mississippi Power & Light Co. v. City of Jackson,* 5 Cir., 1941, 116 F. 2d 924; *certiorari* denied 312 U. S. 698, 61 S. Ct. 741, 85 L. Ed. 1133.

We recognize that courts have some judicial discretion to refuse a declaratory judgment when it does not serve a useful purpose or terminate controversy. *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 456-457, 56 A. 2d 144, 149. The appellee contends that there would be a lack of finality in a declaration as to charter rights, since if the appellee were held to have a non-exclusive franchise, the appellant might still apply for a certificate of authority to operate in competition with it. But even assuming that such an application would be practically conceivable, we think declaratory relief should not be denied merely because it may be preliminary to further litigation, if it terminates and decides the particular legal question at issue. Compare *Tudor Arms Apartment v. Shaffer,* 191 Md. 342, 62 A. 2d 346. It has long been the practice in Maryland to decide questions of law in advance of a determination of the main issue, if it is convenient so to do, by special case stated or otherwise. Code, Art. 16, section 226 et seq.

Finally, the appellee urges that the franchise controversy involves mixed questions of law and fact, and that the solution must depend not only upon the construction of legislative charter grants but upon their exercise

through the rendition of service by the appellee and its predecessors. It contends that since the Commission, since 1910, has been required to examine and keep informed as to utility operations, and has records on the subject, it would be more convenient to have the factual matters tried there, rather than in court. We think, however, that the argument of convenience has little force, where the question is essentially a judicial and not an administrative one. The *Crisfield* case, *supra,* seems to illustrate the desirability of deciding the legal question in advance of the administrative question, for this may well be determinative of the whole issue, and avoid the delays and expense incident to a determination of a legal issue by the Commission, and a retrial of the same point by the Courts, whether apart from or incident to application for a certificate of authority.

*Decree reversed, and case remanded, with costs.*