43 So.2d 893

**DANCY v. DANCY.**

6 Div. 952.

Supreme Court of Alabama.

Jan. 19, 1950.

McEniry, McEniry & McEniry, of Bessemer, for appellee.

Lipscomb & Brobston, W. E. Brobston and Jas. M. Hamrick, all of Bessemer, for appellant.

BROWN, Justice.

The final decree from which this appeal is prosecuted by the husband granted to the wife a divorce *a vinculo* and ordered the sale of the joint property of the parties for division between them.

The proceeding originated by a bill for divorce against the wife for having become an habitual drunkard after the marriage. The bill was twice amended by substituted bills, the last filed seeking to annul the marriage between the parties on the ground that at the time the marriage was solemnized the defendant had a living husband. This substituted bill in addition to praying for the annulment of the marriage prayed that the deed conveying to the parties jointly the title to the house and lot constituting their homestead be cancelled in so far as it vested in the wife any interest in that property, or that she be compelled to convey to the complainant by deed all of her right, title and interest in the same. The ground on which the relief was sought is that the defendant had fraudulently represented to the complainant that she was a single woman at the time and immediately before the marriage.

The defendant, after demurrer overruled to the substituted bill, filed thereto an answer denying the material allegations of the bill and filed a cross-bill averring "That complainant cross-respondent, did, just before cross-complainant separated from him, kick her and hit her and that this treatment with a prior treatment of choking her, cross-complainant could not longer live with cross-respondent in safety to her life and health and she left the cross-respondent and has not lived with him since, and cross-complainant charges cross-respondent with cruelty."

The cross-bill further alleged that the parties were joint owners of the lot described in the substituted bill filed by complainant, that the property could not be equitably divided, same being a dwelling house situated on a single lot in Brighton, Alabama, and other facts pertinent to cross-complainant's claim for alimony. The cross-bill prayed for divorce and for sale of the property and division of the proceeds between the joint owners, and for general relief. This cross-bill was filed April 2, 1949, after the testimony of both parties had been taken by depositions.

At the hearing on April 9, 1949, the cross-respondent made motion to strike said cross-bill on grounds, stated, "The same is not timely filed. The same cannot be supported by any facts or reasonable inference from the evidence submitted in this cause. Said purported answer or purported cross-bill fails to show any jurisdictional averments. Said further answer or purported cross-bill fails to set up any allegation upon which equitable relief can be granted. Said purported cross-bill is not germane to the subject matter of the complaint in this case."

This motion to strike was submitted on the day of the submission of cause for final decree, and was by the court overruled.

The parties thereupon filed their note of submission under rule of equity practice 57, Code 1940, Title 7 Appendix, page 1095, the complainant submitting "upon bill of complaint, testimony of complainant, Henry Mann and W. E. Brobston as submitted by Commissioner Willie R. Howton and testimony of Jess Edwards in typewritten pages before the judge and by exhibits filed in court at time of submission."

The respondent "upon her answer and amended answer and cross-bill. Written objections to the testimony of the complainant by separate paper filed, and testimony of respondent, together with exhibits thereto filed by Betty Goodwin, Commissioner."

The complainant, respondent to the cross-bill filed no answer thereto other than the motion to strike.

The final decree from which the appeal is prosecuted, denied complainant relief and granted cross-complainant relief under her cross-bill.

The first four assignments of error are predicated on the order of the court overruling the appellant's motion to strike the cross-bill, and Ex parte Woodruff, 123 Ala. 99, 26 So. 509, is cited under appellant's second proposition "The sufficiency of a cross bill may be tested by motion to dismiss on demurrer."

The motion mentioned in the cited case was a motion to dismiss for want of equity, not now permissible, but long since abolished. See Code 1907, § 3121, substituting as the vehicle in pleading to test the sufficiency of a cross-bill the general demurrer for want of equity. See Whiteman v. Taber, 203 Ala. 496, 500, 83 So. 595; Equity Rule 14, Code 1940, Title 7 Appendix, p. 1052.

Equity Rule 26, Code 1940, Title 7 Appendix, pp. 1065-6, in the circumstances stated required that the complainant "make answer thereto under the rules and regulations provided for the answer of defendant to original bills"—that is, the new matter alleged in the answer and cross-bill for relief against the complainant. While the cross-complainant was entitled to move for a decree pro confesso, and this was the proper and usual course of procedure, the only effect of such decree pro confesso was to bring the matter to issue. Being a proceeding for divorce it would not have relieved the cross-complainant of the burden of proving such new matter by competent and legal evidence. Pittman v. Pittman, 246 Ala. 163, 164-165, 19 So.2d 723. In these circumstances to put the court in error for taking the submission on the cross-bill and the testimony noted in support thereof would be allowing the complainant to take advantage of his own dereliction. Moreover if it should be conceded that error intervened it was error without injury to appellant. See Adkins v. Adkins, Ala.Sup., 42 So.2d 650.

In Wahouma Savings Bank v. Southern Plumbing & Heating Co., 220 Ala. 140, 124 So. 388, wherein the correct procedure is pointed out, there was no submission on the cross-bill and no testimony noted in support thereof. The cross-complainant just abandoned the cross-bill and the court took no notice of it. This clearly differentiates that case from the case at bar, wherein the cross-complainant submitted on the answer and cross-bill and the testimony and evidence in support thereof.

There is no merit in the insistence that the new matter alleged in the cross-bill was not germane to the matter alleged in the complainant's substituted bill. Both relate to the marital relation between the parties and their joint property rights growing out of such relations. While the allegations of the cross-bill as to the ground for divorce are inartfully drawn they are in the absence of attack by appropriate specific grounds of demurrer sufficient to support the court's jurisdiction and decree. Code of 1940, Tit. 34, § 22, as amended Cum.Supp. pp. 28, 29; Moyler v. Moyler, 11 Ala. 620; Smedley v. Smedley, 30 Ala. 714; Harris v. Harris, 230 Ala. 508, 162 So. 102; Sams v. Sams, 242 Ala. 240, 5 So.2d 774.

The fact of the ceremonial marriage between the parties not being in dispute the presumption of validity in its favor shifted to the complainant the burden of proving the negative allegation in his substituted bill, that the defendant had not been divorced, by countervailing evidence. Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46; Faggard v. Filipowich, 248 Ala. 182, 27 So.2d 10. No such evidence was offered. Therefore the presumption in favor of the marriage becomes conclusive. 18 R.C.L. 416 et seq.

After full consideration of the evidence we are of opinion that the conclusions of the circuit court expressed in the decree from which this appeal is prosecuted are fully supported and that the decree should be affirmed in both of its aspects.

It is so ordered by the Court.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.