48 So.2d 532

### BRANTLEY v. FLOWERS et al.

### I Div. 411.

Supreme Court of Alabama.

Nov. 9, 1950.

H. M. Hall, of Bay Minette, for appellant.

J. B. Blackburn, of Bay Minette, for appellees.

SIMPSON, Justice.

Bill for declaratory judgment to determine the marital status of the late Buster Flowers who died seized and possessed of the lands in controversy as against the claim of Ethel Flowers that she is the lawful widow of the decedent, and for incidental relief.

The trial court sustained the demurrer to the bill on the ground that it was without equity, (sic) "complainant has an adequate remedy at law." This appeal challenges that ruling.

In order for the bill to have equity there must be a bona fide justiciable controversy between the parties cognizable in a court of equity and it is not permissible to plead by way of conclusion that such controversy existed between the parties, the requirement being that the facts must be pleaded to show such a controversy. Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851. Though the bill here is somewhat skimpy and is certainly not a model of perspicuity in meeting this test, we think the allegations sufficient to avert the criticism that the bill was without equity.

The facts show that the controversy is between complainant Brantley who claims title to decedent's land by a conveyance from Geneva Lyman, his sister and only heir at law, and the respondents (except Roberta Flowers, who it is averred is the widow of decedent and has abandoned her widow's rights in the property) who claim rights in the property respectively as grantees and as mortgagee from the said Ethel Flowers, his claimed widow. Clearly it appears from the allega-tions that there does exist an actual justiciable controversy as to who is the widow of said Flowers, deceased, the determination of which will determine substantial property rights of the opposing parties. This is within the rule of our cases permitting the proceeding.

We will not attempt to mark the bounds of relief which may be afforded under the Declaratory Judgments Act, Code 1940, Tit. 7, § 156 et seq., but will construe the act as applied to different situations as suggested in each appeal as it is presented. Teal v. Mixon, 233 Ala. 23, 169 So. 477.

It is enough to say here that the act is an enlargement of the powers of the court, Teal's case, supra, and since the amendment of the statute (whether wise or unwise) adding the provision that "The remedy provided * * * shall not be construed * * * as an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy." Gen.Acts 1947, p. 444, amending § 167, Tit. 7, Code 1940, the scope of the court's powers to entertain such a proceeding would embrace the situation shown by the bill.

Of such was the import of White v. Manassa, 252 Ala. 396, 41 So.2d 395, where it was held that if substantial rights are dependent upon a determination of the marital status of the parties the equity court will (1) make a declaration of that status and (2) grant other incidental relief on the recognized principle that equity having acquired jurisdiction for a proper purpose will accomplish complete relief by declaring the other rights, incident to the main equity, of all proper parties to the suit. See also Brantley v. Brantley, 251 Ala. 493, 38 So.2d 8.

We think the Manassa and Brantley cases are controlling and therefore hold the bill to contain equity and the learned trial court to have erred in the contrary holding.

Reversed and remanded.

FOSTER, LIVINGSTON, and STAKE-LY, JJ., concur.