63 So.2d 368

### DOZIER et al. v. TROY DRIVE IN THEATRES, Inc.

#### 4 Div. 695.

Supreme Court of Alabama.

Feb. 26, 1953.

Oliver Brantley and John C. Walters, Troy, for appellants.

E. C. Orme, Troy, for appellee.

418

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to a bill in equity. The case presents a question relating to the Declaratory Judgments Law. Code of 1940, Title 7, § 156 et seq.

The allegations of the bill show in substance the following. The respondents (appellants) executed a lease on certain real property located on the Troy-Birmingham Highway to one M. H. Carter with an option therein to purchase the property for $3,000. M. H. Carter subsequently assigned the lease and option to complainant (appellee). Complainant offered to pay the purchase price, but respondents refused to deliver a deed upon the contention that the option is void.

Thereupon the complainant filed a bill for a declaratory judgment to construe the agreement and determine the rights of the parties thereunder. The prayer of the bill is for a decree that complainant is entitled to a deed from respondents upon payment of the purchase money and "for all such other and further relief, as the complainant may be entitled, under the Declaratory Judgment Laws of the State of Alabama."

The grounds of demurrer take the position that adequate relief and appropriate remedy are presently available to complainant through action for specific performance or at its election through action at law for breach of contract and so the bill does not state a case falling within the provisions of the Declaratory Judgments Act.

If the present bill had merely sought a declaration of the rights of the parties under the option contract, there is no doubt that an action for a declaratory judgment would lie. Bond v. Avondale Baptist Church, 239 Ala. 366, 194 So. 833; American Mutual Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 183 So. 677. But the bill goes further, prays for specific performance of the option contract and an option contract to purchase land is enforce-

able by bill for specific performance. Masberg v. Granville, 201 Ala. 5, 75 So. 154.

Does the right to maintain a bill for specific performance deprive the complainant of his present action? We do not think so.

Under the amendment of October 9, 1947, we were admonished to give the Declaratory Judgments Act a liberal construction. Wolff v. Woodruff, Ala.Sup., 61 So.2d 69; Court of County Revenues v. Richardson, 252 Ala. 403, 41 So.2d 749. And under the amendment "The remedy provided * * * shall not be construed to be an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy." Brantley v. Flowers, 254 Ala. 448, 48 So.2d 532. Section 163, Title 7, Code of 1940, which provides for supplemental relief based on a declaratory judgment or decree, should be considered. There is no doubt that the bill presents a bona fide justiciable controversy which entitles the complainant to a declaration of rights. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 121, 39 So.2d 658.

If the option to purchase is upheld, then supplemental relief in the way of specific performance can surely be had under the provisions of Section 163. Anderson, Declaratory Judgments (2d Ed.) Vol. 2, §§ 451–452, p. 1055 et seq.; Borchard, Declaratory Judgment (2d Ed.) p. 441; Gray v. Defa, 103 Utah 339, 135 P.2d 251, 155 A.L.R. p. 495 et seq.; Lowe v. Harmon, 167 Or. 128, 115 P.2d 297; Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269; Sweet v. Wilkinson, 252 Ala. 343, 40 So.2d 427. It is no objection that relief by way of specific performance is prayed for in the bill. Wolff v. Woodruff, ante, p. 1, 61 So.2d 69.

The trial court acted correctly in overruling the demurrer to the bill.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.