71 So.2d 881

### PENNEY v. ODOM et al.

8 Div. 752.

Supreme Court of Alabama.

April 15, 1954.

Russell W. Lynne, Decatur, for appellees.

Britnell & McEntire and R. L. Hundley, Decatur, for appellant.

STAKELY, Justice.

This is an appeal by Lytle R. Penney (appellant) from a decree overruling her demurrer to the bill of complaint, as a whole and to each aspect thereof, of Travis Odom and Tennis Odom (appellees) against J. M. Richards, Pearl Richards, L. V. Odom and Lytle R. Penney. The bill alleges that Travis Odom and Tennis Odom owned a remainderman's undivided one-half interest in certain real property lying in Decatur, Morgan County, Alabama, with a life estate in their father S. V. Odom, who is alleged to own the other one-half interest in the property. It is alleged that the complainants and S. V. Odom entered into an agreement with J. M. Richards and Pearl Richards whereby they agreed to sell the property to J. M. Richards and Pearl Richards for a consideration of $5150 and as a part of the aforesaid consideration J. M. Richards and Pearl Richards were to assume and agree to pay a mortgage indebtedness on the property in the amount of $4,000.

It is further alleged that Travis Odom and Tennis Odom and S. V. Odom made

out a deed to J. M. Richards and Pearl Richards in accordance with the foregoing agreement and put the deed in the possession of S. V. Odom for delivery upon receipt of the consideration. Travis Odom and Tennis Odom were each to receive one-fourth of the proceeds of the sale and S. V. Odom was to receive the remaining one-half of the proceeds of the sale. According to the further allegations of the bill, J. M. Richards and Pearl Richards were unable to raise the cash in order to carry out the agreement with the result that the deed was allowed to stay in the possession of S. V. Odom in case J. M. Richards and Pearl Richards were able to pay for the property later.

The bill further alleges that S. V. Odom and Lytle R. Penney entered into a fraudulent arrangement, whereby S. V. Odom was to have the above mentioned deed properly recorded and then have J. M. Richards and Pearl Richards execute a deed by telling them in substance that this was the easiest way out of the obligation. A deed from J. M. Richards and Pearl Richards to Lytle R. Penney was signed and acknowledged. The deed recited a consideration of $3,000 and in addition thereto the assumption or agreement by the grantee to pay the aforesaid mortgage on the property. It is alleged that the aforesaid fraudulent agreement was thereby carried out and the deed from J. M. Richards and Pearl Richards to Lytle R. Penney was recorded in the probate court. It is alleged that the cash consideration of $3,000 was paid by Lytle R. Penney to S. V. Odom, no part of which has ever been paid to either complainants or J. M. Richards or Pearl Richards.

It is further alleged that the "complainants contend that their undivided one-half interest in remainder, subject to said life, estate of S. V. Odom was never passed out of them and that they are the owners of said one-half interest in remainder and they claim and contend that said fraudulent scheme did not divest their title and a justiciable issue and controversy exists between complainants on the one hand and Lytle R. Penney on the other hand, concerning their ownership of said one-half interest and the recordation of said deeds constitutes a cloud on complainants' title, as aforesaid."

The lower court was of opinion that a justiciable controversy was alleged under § 156 et seq., Title 7, Code of 1940, and in support of this view cites Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11, 15, which says:

"* * * But the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all. Accordingly if he states the substance of a bona fide justiciable controversy, which should be settled, he states a cause of action for declaratory judgment. In this situation the demurrer should be overruled and after answer a declaration of rights should be entered. * * *" See White v. Manassa, 252 Ala. 396, 41 So.2d 395.

The appellant earnestly insists, however, that there was no offer to do equity in the bill and, therefore, the demurrer raising this question should have been sustained, because complainant had not submitted himself to the jurisdiction of the court completely and without reservation so that equity will be done. This is the only question presented on this appeal. It is ordinarily true that a suit in equity seeking rescission of a contract should contain an offer to do equity, so that upon rescission of the contract the respondent may be put in his former condition. Allgood v. Bank of Piedmont, 115 Ala. 418, 22 So. 35. In other words, the omission of an offer to do equity where it appears upon the face of the bill that such offer is necessary, destroys the equity of the bill. Marx v. Clisby, 130 Ala. 502, 30 So. 517; Sloss-Sheffield Steel & Iron Co. v. Board of Trustees of University of Alabama, 130 Ala. 403, 30 So. 433; Smith v. Conner, 65 Ala. 371; Garland v. Watson, 74 Ala. 323; Sims on Equity Pleading in Alabama, p. 185. Does the fact

that a declaratory judgment is sought dispense with the offer to do equity?

The complainants in the bill pray that the court "cancel and nullify the said deeds in so far as the same purport to affect complainants' title, as aforesaid." It is the position of appellants that the complainants seek to have the deeds set aside so far as they affect the title of the complainants and yet would leave in force and effect the agreements made by the grantees in the aforesaid deeds to be obligated to pay the mortgage on the property involved. There is no doubt that when a grantee assumes payment of a mortgage in a conveyance, he becomes as between the parties personally liable for the debt. Duke v. Kilpatrick, 231 Ala. 51, 163 So. 640; First National Bank of Birmingham v. Hendrix, 241 Ala. 675, 4 So.2d 407.

Ordinarily where a deed is set aside and cancelled all of the provisions of the deed fall with the cancellation. But we must treat the bill as it is framed. The bill seeks only cancellation so far as it affects title to the real estate embraced therein.

To answer the question presented by counsel on this appeal, we should consider the bill in its various aspects and the demurrer assigned to such aspects. To those aspects which merely seek to cancel the deed for the alleged fraud, there should be an offer to do equity. Authorities supra.

But what about the aspect which only seeks a declaratory judgment under the statute? To answer this question we should understand the nature of a declaratory judgment. While it seeks a declaration of the rights or status of the parties, it does not seek execution or performance from the defendant or opposing party.—Borchard on Declaratory Judgments, p. 25; Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269. This does not mean that further and complete relief may not be had in such proceeding.—§ 163, Title 7, Code of 1940; Dozier v. Troy Drive In Theatres, 258 Ala. 417, 63 So.2d 368; Berman v. Wreck-A-Pair Bldg. Co., supra; Brantley v. Flowers, 254 Ala. 448, 48 So.2d 532. What we mean to say is that if the bill states the substance of a bona fide justiciable controversy which should be settled, the complainant is entitled to a declaration of rights. Authorities supra.

If after such declaration, coercive relief is proper, such relief can be secured in further proceeding in the same case. In such further proceeding there should be an offer to do equity under the facts here alleged. The court had this idea in mind when it stated that "The bill as amended merely withdraws the claim to the enforcement of said rights as claimed at this time, but prays that they be declared." As we have indicated, however, the principle applies in this case only to an aspect of the bill and not the entire bill. The court acted correctly in overruling the demurrer so far as it was directed to that aspect of the bill seeking a declaratory judgment.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.