90 So.2d 752

**Henry W. HOWLE et al., d/b/a Deep South Creamery,**

**v.**

**ALABAMA STATE MILK CONTROL BOARD.**

**3 Div. 720.**

Supreme Court of Alabama.

Nov. 15, 1956.

Rushton, Stakely & Johnston, Watkins C. Johnston and Oakley W. Melton, Jr., Montgomery, amici curiæ.

---

St. John & St. John, Finis E. St. John and Jack Riley, Cullman, for appellants.

Sol E. Brinsfield, Jr., Montgomery, for appellee.

LIVINGSTON, Chief Justice.

Appellants filed a bill of complaint in equity in the Circuit Court of Montgomery County, Alabama, under the provisions of Article 12, § 156 et seq., Title 7, Code of Alabama 1940, seeking a declaratory judgment against appellee, Alabama Milk Control Board. Appellee moved to strike the bill of complaint on the grounds that Section 226, Title 22, Code 1940, provides an exclusive method to challenge or review an order, rule or regulation of the Alabama State Milk Control Board, that appellants did not comply with the provisions of this statute, and that this action was barred by the statute of limitations and laches. Appellants moved to strike the motion to dismiss on the grounds that the motion to dismiss for want of equity has been abolished in this state. The motion to strike and the motion to dismiss were heard by the court at the same time, and a decree was entered denying the motion to strike and dismissing the cause.

Appellants have been engaged in business in Cullman, Alabama, since 1949, as milk distributors. They distribute milk, at wholesale and retail, in the territory composed of Cullman, Winston, Walker, Marshall, Morgan, Blount and Marion Counties. Appellee extended its jurisdiction over said territory, with the exception of Marion County, in September 1951. At the time of the extention of the board's jurisdiction, appellants were purchasing their entire supply of milk from producers located within said area, while other distributors in the same area were purchasing

substantially their entire supply of milk from producers outside the State of Alabama. On February 18, 1952, appellee promulgated rules of Fair Trade Practices, which permitted distributors to discontinue receiving milk from producers in accordance with a previous continuing course of business, prior to a base-building period, by giving thirty days' notice to said producers and the board. On December 10, 1953, the board amended Rules 9 and 10 of the Fair Trade Practices, so as to provide that no distributor could discontinue the purchase of producer's milk without obtaining the consent of the board upon a petition filed by said distributor. These amendments allowed the board in its discretion to set the petition down for hearing.

On December 28, 1953, in compliance with the amended rules, appellants sent registered letters to the producers, advising them that they intended to discontinue receiving milk from them, and filed a petition with the board for the purpose of obtaining the consent of the board to discontinue receiving milk from said producers. On January 29, 1954, the board, after holding public hearings throughout the state, promulgated Official Order No. 342, which declared that there was a large amount of unmarketed Alabama produced milk within the state, and prohibited distributors from increasing their supply of out-of-state milk while there remained an ample supply within the state.

On February 3, 1954, the petition filed by appellants was returned to appellants, accompanied by a letter signed by the executive secretary of the board, advising appellants that the petition was refused and referring to Official Order No. 342, as stabilizing the situation.

The bill in the present case was filed in the circuit court on the 26th day of April, 1954, seeking permission to import out-of-state milk, and to have Rules 9 and 10 of the Fair Trade Practices, as amended, Official Order No. 342, and the board's order denying appellants' petition, declared invalid and in violation of Sections 205– 231, Title 22, Code 1940, and the Constitution of Alabama and of the United States.

The motion to dismiss for want of equity has been abolished and the general demurrer has been substituted therefor. Equity Rule 14, Title 7, Code 1940, Appendix; Porter v. Porter, 258 Ala. 488, 63 So.2d 804; Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613; Dancy v. Dancy, 253 Ala. 207, 43 So.2d 893. However, if there is no equity in a bill, it will be dismissed at the final hearing ex mero motu. Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582; Caudle v. Cotton, 234 Ala. 126, 173 So. 847; Elmore County v. Tallapoosa County, 222 Ala. 147, 131 So. 552; Birmingham Interurban Taxicab Service Corp. v. McLendon, 210 Ala. 525, 98 So. 578; Dailey v. Koepple, 164 Ala. 317, 51 So. 348; Jackson v. Knox, 119 Ala. 320, 24 So. 724. In Edmondson v. Martin, supra [256 Ala. 73, 53 So.2d 615], this court stated:

"Under Equity Rule 14, Code of 1940, Tit. 7, Appendix, the motion to dismiss for want of equity is abolished. Yet if a bill lacks equity, it cannot support a decree for relief and so even if there was no demurrer attacking the bill for want of equity, we must look to see if the present bill contains equity. * * *"

Section 226, Title 22, Code of Alabama 1940, provides:

"Any person affected by any order or action of the board, who deems himself aggrieved by any such order or act may within ten days after receiving notice of any such action or order, have such order, or action reviewed by a writ of certiorari by filing in the circuit court of the county wherein said action or order was taken or made, a verified petition setting out the specific order or action, or any part or parts thereof whereby said person deems himself aggrieved, and such court shall only consider such matters

as contained in the petition. * * * All such cases shall be given preferred settings, and shall be heard by the court as speedily as possible after issue is joined. * * * Upon final hearing, such courts shall have jurisdiction to reverse, vacate or modify the order complained of, if upon consideration of the issues before the court, the court is of the opinion the order is unlawful or unreasonable. * * *"

The question presented by this appeal is whether or not a person who deems himself aggrieved by any action, order or regulation of the Alabama State Milk Control Board is required to have such order, rule, or regulation reviewed as prescribed by Section 226, supra, or whether he may, by declaratory judgment proceedings, obtain a review of such order, rule, or regulation of the board after the time for such review is barred by the provisions of the aforementioned Code section.

Prior to 1947, our cases were in conflict as to whether or not the existence of another remedy precluded an action for a declaratory judgment. See Donoghue v. Bunkley, 247 Ala. 423, 25 So.2d 61. However, on October 9, 1947, the legislature amended Section 167, Title 7, Code of Alabama 1940, which now provides:

"This article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered. This article shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees. *The remedy provided for by this article shall not be construed by any court as an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy.*" (Amendment in italics.)

Since the enactment of the 1947 amendment, this court has held that jurisdiction to grant relief under the Declaratory Judgments Act does not depend on the absence of another adequate remedy. Mooney v. Weaver, 262 Ala. 392, 79 So. 2d 3; Dozier v. Troy Drive In Theatres, Inc., 258 Ala. 417, 63 So.2d 368; Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Brantley v. Flowers, 254 Ala. 448, 48 So.2d 532. However, an action for a declaratory judgment was never intended to be used as a substitute for an appeal. Ex parte State ex rel. Lawson, 241 Ala. 304, 2 So. 2d 765; Avery Freight Lines, Inc., v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732. In Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582, 583, this court stated:

"We, of course, now take notice of the act of the recent legislature, which provides that the remedy provided by the Declaratory Judgment Act 'shall not be construed by any court as an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy.' Act No. 604, General Acts 1947, p. 444, Code, Cum. Sup., Title 7, § 167. But, without considering the effect of this amendment to the original act on the heretofore established rule, it is clear that it was not thereby contemplated that a proceeding in declaratory judgment be substituted for the remedy of appeal, certiorari or mandamus as the method of direct review of the judgments, decrees or orders of a judicial nature, respectively, of lower courts, bureaus, departments, or the directors or administrators thereof. We know of no case, have been cited to none, and can conceive of no situation which would warrant one as would authorize the use of the act as a method of appeal or appellate review to obtain an original declaration of rights between parties in matters solely appellate."

From an examination of the bill of complaint filed in the present case, it

is evident that appellants brought this action to have the order of the board reversed, or rescinded, and not to have an official act interpreted. This is not the function of a declaratory judgment, but of an appeal. Mitchell v. Hammond, supra.

■ After an examination of the statutes, Sections 205–231, Title 22, Code 1940, creating the Milk Control Board, this court finds that it was the manifest purpose and intention of the legislature to make Section 226 of Title 22 the exclusive remedy for the particular type case in hand. When a special statutory procedure has been provided as an exclusive method of review for a particular type case, no other statutory review is available. Donoghue v. Bunkley, supra; Williams v. Tawes, 179 Md. 224, 17 A.2d 137, 132 A.L.R. 1105; Laub v. Wills, 72 Ohio App. 496, 53 N.E.2d 530; Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837; 1 Anderson, Actions for Declaratory Judgments (2d Ed. 1951). § 195, p. 403; Borchard, Declaratory Judgments (2d Ed. 1941), p. 342.

■ Prior to the filing of the present bill, the statute of limitations had run on the special statutory procedure provided for this particular type case. Equity will not afford relief where the corresponding legal right has been barred by the statute of limitations. Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73; Spragins v. McCaleb, 237 Ala. 658, 188 So. 251; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; 1 Anderson, Actions for Declaratory Judgments (2d Ed. 1951), § 341, p. 781.

Appellants contend that the case of Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11, is controlling in the present proceeding. In the Graham case, the question that Graham had not used the statutory method of review as provided in Section 226 of Title 22, Code 1940, was not raised by the board, and this court held that a declaratory judgment proceeding was proper to interpret the meaning or test the legality of the action of the board. However, the Graham case is not to be interpreted as inferring that a person affected by any order or act of the board may bring an action for a declaratory judgment in lieu of following the special statutory procedure provided for such a situation.

The bill of the complainant contained no equity that could support a decree. The lower court properly dismissed this bill.

We consider that the judgment of the lower court should be affirmed.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.