The registration of Arnold Parsons, appellant herein, to practice professional engineering and land surveying in the State of Alabama was suspended for four years by the State Board of Registration for Professional Engineers and Land Surveyors (Board). Parsons was found guilty by the Board of several ethical violations set out by the Rules of Professional Conduct adopted by the Board as well as misconduct under §34-11-11, Code (1975). Parsons appealed the Board's decision pursuant to § 34-11-13, Code (1975) which states that:
 Any person who shall feel aggrieved by any action of the board in denying, suspending or revoking his certificate of registration may appeal therefrom within 60 days to the circuit court of Montgomery county, Alabama; and, after full hearing, said court shall make such judgment sustaining or reversing the action of the board as it may deem just and proper. . . . (Emphasis ours.)
A hearing was held August 4, 1981, as to whether the Board's order would be stayed during the pendency of Parson's appeal. Such a stay under § 34-11-13 is within the *Page 1033 
discretion of the trial court. At that hearing, oral testimony was allowed over objection of the Board's attorney that such testimony was beyond the limited scope of review under the aforementioned provision. After that hearing, the court denied the requested stay and also determined that Parsons' appeal was not de novo. The court held that Parsons had "the right to show, by independent or extraneous evidence, that the Board acted unlawfully or arbitrarily or in such a manner as to deny due process to the Petitioner." The trial court then limited its consideration of the evidence taken on August 4 to those parameters. In a final order August 17, 1981, the Board's findings were affirmed. Parsons appeals.
The issues on appeal are:
 (1) Whether the circuit court erred in finding that the statute in question does not entitle one to hearing de novo, and
 (2) Whether the circuit court erred in limiting the evidence to whether the Board acted unlawfully or arbitrarily or in such a manner as to deny due process.
We note that there is no case law under this statute. Both parties discuss cases and statutes pertaining to other professions. See, Title 34, Code (1975). We do not find authority in those cases or statutes on which to base our decision. Where a special statutory provision is provided as an exclusive method of review for a particular type case, no other statutory review is available. Howle v. Alabama State MilkControl Board, 265 Ala. 189, 90 So.2d 752 (1956). We find the provision in question here to be such a special statute, and fail to see the correlation between it and other review provisions.
Parsons must be allowed "full hearing" in the circuit court. Having no relevant definition of the term "full hearing," but viewing it in context of the entire appeals section (34-11-13), we conclude that it does not mean "de novo." We say that because the circuit court is empowered therein only to "sustain or reverse" the action of the Board. It is not empowered to render its own judgment as to discipline. Such limitation would not appear consonant with a "de novo" appeal. However, we consider that a "full hearing" is broader than that permitted by the trial court in this case.
Recognizing that we are "construing" closely akin to "legislating," as did the trial court, we nevertheless proceed in order to provide guidance where little has been given in the statute. There is no provision in the statute for making a record of the proceedings before the Board nor filing such record in the circuit court to which an appeal may be taken. Therefore, it is reasonable that at a "full hearing," evidence is necessary. Whether in the form of recorded testimony and exhibits taken before the Board or in the same evidence repeated and perhaps added to in the circuit court, relevant evidence is required if the circuit court is to either sustain or reverse the action of the Board.
It is the opinion of the court that the parameters within which the learned trial judge confined the hearing were too narrow to meet the test of a "full hearing" as we have herein described. We therefore reverse the judgment below and remand for further proceedings not contrary to this opinion as may be required.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
 ON REHEARING
Appellee correctly points out in its brief on rehearing an error made by this court in its opinion of May 12, 1982, as to the hearings held in the circuit court in review of proceedings before the State of Alabama Board of Registration for Professional Engineers and Land Surveyors (Board). The first hearing was held August 3, 1981, for the purpose of determining whether a stay should be granted Parsons pending his appeal. See, § 34-11-13, Code (1975). Argument was also heard as to whether the appeal was de novo. As stated in our May 12 opinion, "The court held that Parsons had `the right to show, by independent or *Page 1034 
extraneous evidence, that the Board acted unlawfully or arbitrarily or in such a manner as to deny due process to the Petitioner.'"
Appellee correctly points out that at a second hearing on August 13, 1981, testimony was taken and evidence entered under the above parameters. It was at that hearing that evidence was allowed over appellee's objection that such evidence was beyond the scope of review. The Board contends on rehearing that the August 13, 1981, hearing complied with the "full hearing" requirement under the statute. We apparently did not make clear in our May 12, 1982, opinion that the problem lies in the circuit court's restrictive parameters upon its consideration of the evidence as set out in the August 4, 1981, order. The language used there is not appropriate under § 34-11-13. If the scope of review was meant to be so restricted, the legislature could have used such language. See, § 34-9-25, Code (1975) for an example. No other statute in Title 34, Professions and Occupations, uses the term "full hearing." Appellee apparently agrees that there is no precedent which construes § 34-11-13. That it is a first construction is no reason to try to fit it into another statute with different provisions. As set out in our original opinion, "Where a special statutory provision is provided as an exclusive method of review for a particular type case, no other statutory review is available." Howle v. AlabamaState Milk Control Board, 265 Ala. 189, 90 So.2d 752 (1956).
We discussed § 34-11-13 in our opinion and noted the absence in the statute of a provision for certification of the Board record to the reviewing court. We did not mean to imply that the Board record was not made available to the circuit or to this court on appeal. That discussion was meant to point out the differences in the review statutes in Title 34, See, §34-13-31, Code (1975) (where certification of the record is required). Our decision is that Parsons has a right to present evidence to the circuit court whether or not such evidence is contained in the Board record. Such record may or may not be introduced in such "full hearing." The restriction of consideration of the evidence, presented from whatever source, to unlawfulness, arbitrariness or denial of due process by the Board was too narrow a review and was the error requiring reversal.
APPLICATION FOR REHEARING DENIED; OPINION EXTENDED ON REHEARING.
BRADLEY and HOLMES, JJ., concur.