William Huggins appeals from a dismissal with prejudice of his complaint against the Alabama Department of Public Safety ("DPS") by the Mobile Circuit Court for lack of subject-matter jurisdiction. We affirm.
Huggins's driver's license was suspended in 1999 by DPS for 7 years and 90 days pursuant to § 32-5A-304, Ala. Code 1975,[1] *Page 338 
because of alcohol-related driving offenses. DPS contends that Huggins's license could be suspended for that length of time because he had been notified that his driver's license had been suspended on four separate occasions in 1999 because of four separate "alcohol or drug-related enforcement contacts." §32-5A-304. DPS contends that, under § 32-5A-304, Huggins's license was properly suspended for 90 days after Huggins's first "alcohol or drug-related enforcement contact"' that the suspension was properly extended to 1 year and 90 days after his second contact; that the suspension was properly extended to 4 years and 90 days after his third contact; and that the suspension was properly extended to 7 years and 90 days after his fourth contact. It is undisputed that Huggins never challenged the suspension or the extensions of the suspension through the administrative appellate process provided in §§ 32-5A-306 through32-5A-308, Ala. Code 1975.
On September 25, 2002, Huggins filed a declaratory-judgment action seeking clarification of the meaning of § 32-5-192(c), Ala. Code 1975,[2] and a declaration that the *Page 339 
Director of DPS had exceeded his authority under that section by suspending Huggins's license for such a long period of time. DPS filed a motion to dismiss the complaint on March 10, 2003. On May 20, 2003, the Mobile Circuit Court entered a judgment in which it dismissed Huggins's complaint with prejudice. The trial court reasoned that it lacked subject-matter jurisdiction of the case because Huggins had failed to file a timely appeal of DPS's decision to suspend his driver's license. Huggins appeals the trial court's judgment.
Huggins contends that his suit is proper under the Declaratory Judgment Act, § 6-6-223, Ala. Code 1975,[3] because, he contends, his rights have been affected by an alleged conflict between §§ 32-5-192(c) and 32-5A-304, and therefore, he contends, he is entitled to a clarification of the meaning of §32-5A-192(c) to determine if the two sections truly conflict. Huggins emphasizes that Rule 57, Ala. R. Civ. P., states that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Thus, he argues, even if he could have obtained relief through some administrative means, his declaratory-judgment action is a legitimate method of vindicating his legal rights.
However, "an action for a declaratory judgment was never intended to be used as a substitute for an appeal." Howle v.Alabama State Milk Control Bd., 265 Ala. 189, 192, 90 So.2d 752,755 (1956) (cited with approval in Personnel Bd. of JeffersonCounty v. Bailey, 475 So.2d 863, 867 (Ala.Civ.App. 1985)). See,e.g., Grant v. State, 667 So.2d 1369, 1371 (Ala.Civ.App. 1994);Tillman v. Sibbles, 292 Ala. 355, 356, 294 So.2d 436, 437
(1974); and Mitchell v. Hammond, 252 Ala. 81, 83, 39 So.2d 582,583 (1949). Our Supreme Court expounded on this point inMitchell, stating:
 "We, of course, now take notice of the act of the recent legislature, which provides that the remedy provided by the Declaratory Judgment Act `shall not be construed by any court as an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy.' Act No. 604, General Acts 1947, p. 444, Code, Cum. Sup., Title 7, § 167. But, without considering the effect of this amendment to the original act on the heretofore established rule, it is clear that it was not thereby contemplated that a proceeding in declaratory judgment be substituted for the remedy of appeal, certiorari or mandamus as the method of direct review of the judgments, decrees or orders of a judicial nature, respectively, of lower courts, bureaus, departments, or the directors or administrators thereof. We know of no case, have been cited to none, and can conceive of no situation which would warrant one as would authorize the use of the act as a method of appeal or *Page 340 
appellate review to obtain an original declaration of rights between parties in matters solely appellate."
Mitchell, 252 Ala. at 83, 39 So.2d at 583.
Furthermore, as the Court stated in Howle: "When a special statutory procedure has been provided as an exclusive method of review for a particular type case, no other statutory review is available." Howle, 265 Ala. at 193, 90 So.2d at 755.
Section 32-5A-300(c), Ala. Code 1975, states that
 "[t]he director [of DPS], or his or her agent, shall make a determination [as to whether a person's license should be suspended for driving while intoxicated] pursuant to subsections (a) and (b) . . ., and this determination shall be final unless an administrative review is requested under Section 32-5A-306[, Ala. Code 1975,] or a hearing is held under Section 32-5A-307 [, Ala. Code 1975]."
(Emphasis added.) Section 32-5A-306(e), Ala. Code 1975, provides that "[a] person may request an administrative review at any time within 90 days of the notice of suspension under Section32-5A-302[, Ala. Code 1975,] or the notice of intended suspension under Section 32-5A-303[, Ala. Code 1975]." Section 32-5A-307(a), Ala. Code 1975, provides, in part:
 "Any person who has received a notice of intended suspension pursuant to Section 32-5A-303[, Ala. Code 1975,] or a notice of suspension pursuant to Section 32-5A-302[, Ala. Code 1975,] . . . may request an administrative hearing. A request for an administrative hearing shall be . . . mailed and postmarked within 10 days of the notice of intended suspension issued pursuant to Section 32-5A-303 or the notice of intended suspension issued pursuant to Section 32-5A-302. . . . Failure to request an administrative hearing within 10 days shall constitute a waiver of the person's right to an administrative hearing and judicial review under this article."
(Emphasis added.)
As stated above, it is undisputed that Huggins did not request either an administrative review or an administrative hearing concerning DPS's suspension of his license in 1999. Sections32-5A-300(c) and 32-5A-307(g), Ala. Code 1975, make it clear that the procedures provided in §§ 32-5A-306 and -307 are the sole method of obtaining legal redress for decisions by DPS to suspend a person's driver's license pursuant to Article 14 of Title 32. "The procedures set forth in this article shall be the sole and exclusive manner to determine the administration of this article. The Alabama Administrative Procedure Act in Sections 41-22-1 to41-22-27, [Ala. Code 1975,] inclusive, shall not apply." §32-5A-307(g).
Finally, § 32-5A-308, Ala. Code 1975, provides a mechanism for appeal to a circuit court of an administrative decision to suspend a persons's driver's license for driving while intoxicated. In pertinent part, § 32-5A-308 provides:
 "Within 30 days of the issuance of the final determination of the department following a hearing under Section 32-5A-307, a person aggrieved by the determination shall have the right to file a petition in the circuit court of the county where the arrest was made for judicial review."
Huggins's challenge to the determinations herein at issue comes approximately two and one-half years after those determinations, and it was not initiated utilizing the administrative procedure required by §§ 32-5A-306 and -307. Because Huggins's declaratory-judgment action would be an impermissible substitute for an appeal, the trial court correctly dismissed his *Page 341 
action for lack of subject-matter jurisdiction.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] Section 32-5A-304, Ala. Code 1975, provides, in pertinent part:
 "(a) A driving privilege suspension shall become effective 45 days after the person has received a notice of intended suspension as provided in Section 32-5A-303, [Ala. Code 1975,] or is deemed to have received a notice of suspension by mail as provided in Section 32-5A-302[, Ala. Code 1975,] if no notice of intended suspension was served.
 "(b) The period of driving privilege suspension under this section shall be as follows:
 "(1) Ninety days if the driving record of a person shows no prior alcohol or drug-related enforcement contacts during the immediately preceding five years.
 "(2) One year if the driving record of a person shows one prior alcohol or drug-related enforcement contact during the immediately preceding five years.
 "(3) Three years if the driving record of a person shows two or three alcohol or drug-related enforcement contacts during the immediately preceding five years.
 "(4) Five years if the driving record of a person shows four or more alcohol or drug-related enforcement contacts during the immediately preceding five years.
 "(5) For purposes of this section, `alcohol or drug-related enforcement contacts' shall include any suspension under this article, any suspension or revocation entered in this or any other state for a refusal to submit to chemical testing under an implied consent law, and any conviction in this or any other state for a violation which involves driving a motor vehicle while having an unlawful percent of alcohol in the blood, or while under the influence of alcohol or drugs, or alcohol and drugs except that no more than one alcohol or drug-related contact on any one DUI [driving under the influence] arrest may be considered by the department in determining the period of suspension."
[2] Section 32-5-192(c), Ala. Code 1975, provides:
 "If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in subsection (a) of this section, none shall be given, but the Director of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer, shall, on the first refusal, suspend his license or permit to drive, or the privilege of driving a motor vehicle on the highways of this state given to a nonresident; or if the person is a resident without a license or permit to operate a motor vehicle in this state, the director shall deny to the person the issuance of a license or permit, for a period of 90 days, subject to review as hereinafter provided. For a second or subsequent refusal of such test within a five-year period, the director, upon said receipt of a sworn report, shall suspend his license or permit to drive, or the privilege of driving a motor vehicle on the highways of this state given to a nonresident for a period of one year; or if the person is a resident without a license or permit to operate a motor vehicle in this state, the director shall deny to the person the issuance of a license or permit, for a period of one year subject to review as hereinafter provided. If such person is acquitted on the charge of driving a motor vehicle upon the highways of this state while under the influence of intoxicating liquor, then in that event the Director of Public Safety may, in his discretion, reduce said period of suspension."
[3] Section 6-6-223, Ala. Code 1975, provides:
 "Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."