## MUTUAL LIFE INS. CO. OF NEW YORK v. HARRIS et ux.

### Civ. A. No. 167.

District Court, W. D. Louisiana, Monroe Division.

Feb. 7, 1940.

Allen Barksdale, of Ruston, and Montgomery & Montgomery, of New Orleans, La., for plaintiff.

Elder & Elder, of Ruston, La., for defendants.

DAWKINS, District Judge.

In this case plaintiff has filed a petition for a declaratory judgment to have determined whether it is liable under a total and permanent disability provision of a policy of life insurance.

Defendant has excepted to the jurisdiction on the ground that the amount involved does not exceed $3,000, because the monthly payments which had accrued and were due at the time of the filing of the petition were less than that sum. However, it is my belief that a decision rendered by the

Court of Appeals for this Circuit on January 27, 1940, in the case of Elmo M. Ballard et al. v. Mutual Life Insurance Company of New York, 109 F.2d 388, 389, is determinative of the issue. The facts stated and contentions made in that case are set forth by the Court of Appeals as follows: .

"The original complaint in the court below, filed by appellee, sought a declaratory judgment to determine the rights and legal relations between the parties under two insurance policies, with particular reference to waivers of premiums and payments of disability benefits on account of insured's alleged total and permanent disability. The policies were on the life of Elmo M. Ballard for $5,000 and $10,000, respectively, with certain provisions for waivers of premiums and for disability benefit payments at the rate of $10 a month for each $1,000 of insurance, as defined and set forth therein.

"It is suggested that the federal district court was without jurisdiction to grant the interlocutory injunction in this case, because the sum of the amounts involved in both cases in the state courts was less than $3,000, but that is not the test of jurisdiction in this proceeding. We look to the original suit in the federal court, and, if the amount there is sufficient, the jurisdiction in the main case will support the ancillary jurisdiction in the federal court without reference to the amount in controversy in the latter proceeding.

"The declaratory action originally instituted by appellee (now pending in the court below) sought to relieve the plaintiff from the claim of the insured that he was entitled to receive disability payments and to have the policies maintained in force under the disability provisions thereof without payment of premiums thereon. This claim (from the asserted liability for which the plaintiff asked to be relieved) was alleged to be in excess of $3,000, and, since the insured is only forty-two years of age, has a reasonable life expectancy of many years, and is alleged to be totally and permanently disabled, it appears to us that the value of his claim is not overstated. The amount in controversy is the value of the claim which the company is seeking to have cancelled in the court below, not the amounts sued for in the state courts. Accordingly, the suggestion of lack of jurisdiction in the court below to issue the temporary injunction is overruled."

Feeling that the matter has been settled as above stated by this decision, the plea to the jurisdiction should therefore be overruled.

Proper decree should be presented.