## BUSINESS MEN'S ASSUR. CO. OF AMERICA v. SAINSBURY.

No. 1986.

Circuit Court of Appeals, Tenth Circuit.

March 28, 1940.

Rehearing Denied May 22, 1940.

Robert L. Judd, of Salt Lake City, Utah (Emmett M. Bagley, Paul H. Ray, and Acel H. Nebeker, all of Salt Lake City, Utah, on the brief), for appellant.

H. A. Rich, of Salt Lake City, Utah (Carl A. Badger and Benjamin L. Rich, both of Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, and HUXMAN, Circuit Judges, and MURRAH, District Judge.

HUXMAN, Circuit Judge.

This is an action brought under Section 274d of the Judicial Code, 28 U.S.C.A. § 400, for a declaratory judgment to settle the rights and liabilities of the parties under a health and accident policy of insurance. There is no disagreement as to the facts, all of which were stipulated.

The Business Men's Assurance Company is a corporation existing and organized under the laws of the State of Missouri. On May 21, 1928, it issued a health and accident policy of insurance to Otto Sainsbury, insuring him against loss resulting from bodily injuries effected solely through accidental means, also against loss resulting from sickness. The policy as originally written contained provisions providing indemnity for loss resulting from temporary or permanent loss of time ·from sickness; total loss of time from confining sickness; total loss of time from non-confining sickness; total loss of time from confining or non-confining sickness; total loss of time from temporary or permanent disability. It also provided an election of method of settlement for total or partial disability. By subsequent agreement, and prior to any loss incurred, the policy was cancelled as to sick benefits and continued in force only as to benefits accruing from accident.

Plaintiff is a dentist, and is right-handed. On January 24, 1938, while the policy was in full force and effect, he suffered an injury which resulted in the amputation of all the fingers of his right hand between the distal and carpo-phallangeal joint. This injury totally and continuously disabled plaintiff from performing any and every kind of duty pertaining to his occupation, within five days from the date of the accident, and the total disability continued to the time of trial.

A disagreement arose between plaintiff and defendant as to the amount of indemnity to which plaintiff was entitled. The court entered judgment in which he provided: "That in the event it shall hereafter be determined that plaintiff's injuries are permanent in character, then said defendant Business Men's Assurance Company of America is obligated to pay to said plaintiff Otto Sainsbury the sum of Two Hundred ($200) Dollars per month commencing on January 28, 1938, and a similar amount of $200.00 on the 28th day of each and every month thereafter so long as said plaintiff lives and continues to suffer such total disability." From this judgment an appeal has been taken to this court. The parties will be referred to as they appeared in the court below.

Section 1 of Article II of the policy reads as follows: "If such injuries, independent of all other causes, shall totally and continuously disable the insured within five days from date of accident from performing any and every kind of duty pertaining to his occupation, the Company will pay him at the rate of $200.00 a month for the period beginning on the fourth day of such disability and continuing as long as he lives and suffers such continuous total disability."

Section 10 of Article XI ·reads as follows: "Upon request of the insured and subject to due proof of loss fifty per cent of the accrued indemnity for loss of time on account of disability will be paid at the expiration of each thirty days during the continuance of the period for which the Company is liable, and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof."

Defendant contends that Section 1 of Article II provides the rate of payment per month for total disability, but that the amount to be paid each month is to be determined by Section 10 of Article XI. It construes Section 10 of Article XI to mean that it is obligated to pay plaintiff only $100 per month so long as total disability continues, and the balance at the termination of total disability. Defendant's position is that even if total disability is permanent in nature and will continue throughout

the life of plaintiff, nevertheless it is obligated to pay him only $100 a month and the accumulated balance of $100 a month to his estate at his death.

Plaintiff, on the other hand, asserts that his right to recover is determined entirely by Section 1 of Article II, and that Section 10 of Article XI has no application to the loss which he has suffered.

■ If these two provisions are conflicting and obscure the meaning of the contract of insurance, then a liberal construction must be adopted in favor of insured and against the company. Richards v. Standard Acc. Ins. Co., 58 Utah 622, 200 P. 1017, 17 A.L.R. 1183; Gibson v. Equitable Life Assur. Soc., 84 Utah 452, 36 P.2d 105.

Article II, when read by itself, provides that if plaintiff suffers total disability within the terms of the policy, then the company will pay him $200 each month during the period of such total disability. While the language is that he will be paid at the rate of $200 per month, this clearly means that the measure or rate of pay is $200 per month for each month included in the period of total disability.

In support of the construction which defendant attempts to place upon the policy, it relies strongly upon the case of Schmitt v. Mass. Protective Ass'n, Inc., 8 Cir., 32 F.2d 61. While that case is illuminating, it is not decisive of the question presented here. In the first clause of the policy in the Schmitt case, supra, the company agreed to pay $100 a week *as hereafter limited.* (Italics supplied.) The policy also contained the same provision as is found in Section 10 of Article XI, namely, that upon request of insured and subject to due proof of loss, fifty per cent of the accrued indemnity for loss of time on account of disability will be paid at the expiration of stated periods during the continuance of the period for which the company is liable, and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof. In the Schmitt case, the first provision did not contain an absolute promise to pay. There the promise was conditional. The agreement was to pay "as hereafter limited." The limitation was contained in Clause 11.

It will be noted that in the policy under consideration, Section 1 of Article II provided for the absolute payment of $200 per month and did not contain any qualifying or limiting phrase.

■ The question naturally arises: If Section 10 of Article XI is not a limitation upon Section 1 of Article II, then what purpose does it serve in this policy? In answering, we must not forget that in the beginning this policy provided for both health and accident insurance. It provided for payment of benefits accruing from various disabilities. The policy provided indemnity for loss resulting from temporary loss of time from sickness; for permanent loss of time from sickness; for total loss of time from confining sickness; for total loss of time for non-confining sickness; for total loss of time from confining or non-confining sickness; also for total loss of time from temporary or permanent disability. It also provided for election of the method of settlement for total or partial disability. Section 10 plainly has application only to compensation for loss of time resulting from sickness or disability caused by accident of the kind and nature which may be overcome in the process of recovery or cure. It was no doubt intended to protect the company against over-payments for total disability where the duration of such total disability was uncertain, and to prevent the payment of total disability benefits arising by virtue of such sickness or accident to a time when the disability was less than total. So construed, it serves a useful purpose not inconsistent with the provisions of Article 1 of Section II. To construe Section 10 as the defendant contends would be to hold that although the disability suffered by plaintiff is total and permanent in its nature, and conceding that there can be no recovery therefrom, yet the company may withhold half of the specified monthly payments of $200 until the death of the insured and then pay the accrued amount to his estate.

Such a construction would nullify the clear and unconditional terms of Section 1 of Article II and should not be adopted unless it clearly appears from the policy that such was the intention of the parties. Had that been the intention, it would have been clarified if the paragraph had stated: "That upon request of the insured and subject to due proof of loss, fifty per cent of the accrued indemnity for loss of time on account of disability will be paid at the expiration of each thirty days during the continuance of the period for which the company is liable, and the balance of the accrued indemnity at the termination of such period will be paid immediately upon re-

998

ceipt of due proof." But the language used is: *"any balance remaining unpaid* at the termination of such period will be paid immediately upon receipt of due proof." (Italics supplied.) This language lends itself to the construction that during the period of disability, payments in addition to the fifty per cent are contemplated, and if made, then at the termination of the period, *if any balance still remains unpaid, it will* be paid upon due proof.

■ Complaint is made that the judgment of the court is not responsive to the issues, but constitutes an advisory opinion upon a hypothetical basis. This position is well taken. At the close of the hearing, it was stipulated by the parties that the injury suffered by plaintiff was total and continuous from the date thereof and disabled him from performing any and every kind of duty pertaining to his occupation as a dentist from the date thereof to the time of the trial, and that the question as to whether such disability would be permanent was not raised by the issues and was not presented for determination to the court. The parties were entitled to the judgment of the court declaring their rights as presented by the issues. The judgment should have been that the defendant is obligated under the terms of the policy to pay plaintiff $200 per month so long as he lives and suffers such continuous total disability.

The judgment of the court is thus modified, and as modified, is affirmed.