[Civ. No. 2765. Fourth Dist. Aug. 4, 1941.]

THEODORE H. BRAUN, Respondent, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant.

Meserve, Mumper & Hughes and E. Avery Crary for Appellant.

Ogden & Steelman for Respondent.

MARKS, J.—This is an appeal from a judgment, in an action for declaratory relief, under which plaintiff was declared entitled to the continued payment of disability benefits under an insurance policy issued to him by defendant. Defendant was denied the relief it sought of cancellation of that portion of the policy under which plaintiff claimed those benefits, because of alleged misrepresentations, concealment and fraud in his application for the policy, which was made a part of the policy. Defendant also sought recovery of $6381.89 it had paid to plaintiff.

▮ The New York Life Insurance Company is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the city of New York. It is licensed to do business in California and maintains general offices in this state. This last fact is one of such common and general knowledge that we may take judicial notice of it. (*People* v. *Tossetti,* 107 Cal. App. 7 [289 Pac. 881] ; *Wood* v. *Kennedy,* 117 Cal. App. 53 [3 Pac. (2d) 366].)

In 1925, plaintiff lived in the State of Pennsylvania. He made application for the policy of insurance at Pittsburgh on April 8, 1925, and it was delivered to him there.

The policy contained a section, numbered one, having eight paragraphs that dealt with total disability. Under the conditions there stated, in the event of total disability, the insurer agreed to pay the insured fifty dollars per month during the time of total disability.

Plaintiff suffered total disability in 1929, because of tuberculosis. His disability payments commenced on January 14,

1930, and were continued to June 1, 1938, when they were discontinued because defendant had then discovered that plaintiff, in his application for the insurance, allegedly, had concealed and misrepresented that he had suffered from and had been treated for various named diseases and had consulted several physicians within five years prior to the date of his application, all contrary to statements made in it.

The disability payments having been discontinued plaintiff brought this action to have his rights under the policy determined and to recover accrued payments. Defendant denied its liability and sought cancellation of that portion of the policy providing for those payments because of the alleged misrepresentations, concealment and fraud of plaintiff, in obtaining his policy.

The trial was most informal. Plaintiff introduced the policy in evidence, stipulated that it was applied for and delivered to him in Pennsylvania, and rested after much discussion between counsel for both parties and the trial judge in which it was inferentially admitted that this evidence and the admissions in the pleadings made out a *prima facie* case for plaintiff and that the real issues to be tried were the allegations of the cross-complaint seeking rescission of the total disability provisions of the policy and the recovery of the money paid to plaintiff. Under this state of the record we are not disposed to consider any question of the sufficiency of the evidence to support any of the findings except those bearing on fraud and rescission.

After plaintiff had rested, defendant attempted to introduce evidence to prove the fraud alleged in its cross-complaint. An objection was sustained to this evidence on the ground that defendant was barred from asserting fraud after the lapse of two years from the date of the policy under the incontestability clause it contained. The correctness of this ruling is the sole question to be considered here.

It should be observed that it was alleged in the complaint "that all of said (disability) payments have been made to the plaintiff in said state" of California. The answer denied this allegation generally, which, in effect, is an admission that all but one of those payments had been made to plaintiff in California.

Defendant made a sufficient proffer of proof so that the question of the effect of the incontestability paragraph of the

policy is squarely presented. The policy contained the following pertinent provisions:

"DISABILITY BENEFITS.

"AND THE COMPANY AGREES TO PAY TO THE INSURED FIFTY Dollars each month ($10 per $1,000 of the face of this policy) during the lifetime of the Insured and also to waive the payment of premiums, if the Insured becomes wholly and presumably permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof. . . .

"Income Payments.—The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy during his lifetime and continued disability, beginning immediately on receipt of said proof. . . .

"Payment of Premiums.—All premiums are payable on or before their due date at the Home Office of the Company or to an authorized agent of the Company, but only in exchange for the Company's official premium receipt signed by the President, a Vice-President, a Second Vice-President, a Secretary or the Treasurer of the Company, and countersigned by the person receiving the premium. No person has any authority to collect a premium unless he then holds said official premium receipt. . . .

"Incontestability.—This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits. . . .

"This Policy is free of conditions as to residence, travel, occupation, or military or naval service, except as provided under Sections 1 and 2. All benefits under this Policy are payable at the Home Office of the Company in the City and State of New York."

Section 1 of the policy, providing for disability benefits, contains no provision for cancellation of this portion of the policy for fraud in the inception of the contract.

We are not informed as to the place of plaintiff's residence during the time when he paid the premiums on the policy nor whether any of those payments were made to a general office in the state of his residence. We are not informed when plaintiff became a resident of California but the admission that practically all of the disability payments were made to

him in California justifies the conclusion that he has resided in this state since early in 1930, if not before.

Section 1646 of the Civil Code provides as follows: "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

■ Defendant contends that under this code section the incontestability clause of the policy must be construed according to the law of New York as, by its terms, the obligations of the policy were to be performed there. As an alternative it is argued that as the insurance was applied for and the policy was delivered to plaintiff in Pennsylvania, it must be construed according to the laws of that state, if the New York laws do not control.

It cannot be questioned that the precise incontestability clause before us here has been before the court of last resort of the State of New York which has held that this clause does not bar the insurance carrier from contesting the disability payment provisions after two years from the date of issuance of the policy, because of fraud, misrepresentation and concealment of the insured in obtaining the policy.

We are cited to no decision by the highest court of Pennsylvania on the precise question. There are decisions of an intermediate court, the functions of which correspond to those of the District Courts of Appeal in California, which follow the New York rule.

In speaking on this question, where an identical incontestability clause was involved, in the case of *New York Life Insurance Co.* v. *Ruhlin*, 25 Fed. Supp. 65, it was said:

"In New York, it has been repeatedly held that an incontestable clause such as the one now before this court, does not apply to the disability and double indemnity provisions of the policy. *Steinberg* v. *New York Life Insurance Company*, 263 N. Y. 45, 188 N. E. 152, 90 A. L. R. 642; *Chambers* v. *New York Life Insurance Company*, 148 Misc. 561, 265 N. Y. S. 217, affirmed in 240 App. Div. 1027, 268 N. Y. S. 994; *Manhattan Life Insurance Co.* v. *Schwartz*, 274 N. Y. 374, 9 N. E. 2d. 16; *Equitable Life Assurance Society* v. *Kushman*, 276 N. Y. 178, 11 N. E. 2d. 719; *Mutual Life Insurance Co.* v. *Union Trust Co.*, 244 App. Div. 764, 280 N. Y. S. 217.

"In Pennsylvania, the same rule has been applied. See *Guise* v. *New York Life Insurance Co.*, 127 Pa. Super. 127, 191 A. 626; *Kramer* v. *Mutual Life Insur. Co.*, 130 Pa. Super. 85; *Mutual Life Insurance Co.* v. *McConnell*, 20 Pa. Dist. & Co. R. 250. The only Pennsylvania decision to the contrary that we know of is *New York Life Insurance Company* v. *Thomas*, 27 Pa. Dist. & Co. R. 215. But that case was decided in 1936, and we would consider it overruled by *Kramer* v. *Mutual Life Insurance Company, supra,* decided in 1938. The Kramer case, as a decision of Pennsylvania, is binding on this court, even though it may have been by an intermediate court of appeals. See *Blair* v. *Commissioner of Internal Revenue,* 300 U. S. 5, 10, 57 S. Ct. 330, 332, 81 L. Ed. 465.''

When the same case was before the Supreme Court of the United States (*Ruhlin* v. *New York Life Ins. Co.*, 304 U. S. 202 [58 S. Ct. 860, 82 L. Ed. 1290]) that court said:

'' 'Since the company is domiciled in New York and the insured lives in Pennsylvania, and ''all that is here for our consideration is the meaning, the tacit implications, of a particular set of words'', ''for the sake of harmony and to avoid confusion'' we shall follow the decision of those courts and hold that the insurance company is not barred by the incontestability clause from rescinding the double indemnity and disability provisions. *Mutual Life Ins. Co.* v. *Johnson,* 293 U. S. [335], 340, 55 S. Ct. 154, 79 L. Ed. 398; *Trainor Co.* v. *Aetna Casualty & Surety Company,* 290 U. S. 47, 54, 54 S. Ct. 1, 2, 78 L. Ed. 162.' '' (See *Ruhlin* v. *New York Life Ins. Co.*, 93 Fed. (2d) 416.)

We are, therefore, justified in concluding that if plaintiff had been a resident, either of New York or Pennsylvania when this action was instituted, and he had filed a similar action in the proper court of either state of which he might have been a resident, that court would have held that, under the law of that state, the incontestability clause of the policy would not bar defendant from seeking cancellation of the disability provisions of the policy because of the misrepresentation, concealment and fraud of plaintiff in obtaining it.

There is a direct conflict of authority in the courts of the various states and in the Federal courts on the question of the effect of the incontestability clauses in insurance policies under circumstances similar to those before us. There is very eminent authority on both sides of the question. Noth-

ing could be gained by reviewing those cases. Many of them have been considered with care in the recent cases which are cited in this opinion.

The first California case to be considered is *The Mutual Life Insurance Company of New York* v. *Margolis,* 11 Cal. App. (2d) 382 [53 Pac. (2d) 1017], decided on January 22, 1936. No hearing of this case was asked of the Supreme Court, but it was cited with approval in *Coodley* v. *New York Life Ins. Co.,* 9 Cal. (2d) 269 [70 Pac. (2d) 602].

On April 18, 1927, The Mutual Life Insurance Company of New York issued two policies of insurance to Margolis, which, in section one of each policy, provided for the payment of double indemnity for accidental death under circumstances there specified. Each policy, in section three, also provided for the payment of total disability benefits. Margolis's applications for the policies, which were made part of the contracts, recited that he was in good health, had not suffered from any illness and had not been treated by a physician. He became totally disabled and the insurer paid the disability benefits. In 1933, the insurer discovered that the representations made by Margolis concerning his health and lack of previous illnesses were false. It suspended the payment of disability benefits and brought an action to rescind the disability benefit provisions of the policies on the ground of misrepresentation, concealment and fraud of Margolis in the applications for the policies. After the first witness for the insurer had been sworn Margolis objected to the introduction of any evidence principally on the ground that plaintiff's action was barred by the provisions of the incontestability clauses in the policies. The objection was sustained and judgment was rendered for Margolis. The judgment was affirmed on appeal.

The incontestability clauses in the policies involved in the Margolis case read as follows: "Except for non-payment of premiums and except for the restrictions and provisions applying to the double indemnity and disability benefits, as provided in sections 1 and 3, respectively, this policy shall be incontestable after one year from its date of issue unless the insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

The District Court of Appeal was of the opinion that these incontestability clauses were clear and unambiguous and lim-

ited the right of the insurer to contest the disability payments to one year from the date of the policies, and thereafter, to the grounds set forth in section three of the policies relating only to that subject; that as fraud in obtaining the policy was not there specified as a ground of contest, no contest on that ground could be maintained after the lapse of one year. The decision is supported by ample authority.

However, the court went on to discuss the case of *New York Life Ins. Co.* v. *Kaufman,* 78 Fed. (2d) 398, in which the incontestability clause involved was in the exact language of the one in the policy we have before us, and which differs from those clauses used in the policies of The Mutual Life Insurance Company of New York which limited the right of the insurer to contest the disability benefit provisions to the grounds enumerated in section three of the policies. The New York Life Insurance Company's policies limit the right to contest the disability clauses to "provisions and conditions relating to disability" generally and do not specifically limit the contest to those grounds set forth in a specified section of the policy.

The Supreme Court of the United States agreed with the judgment in the Margolis case but disagreed with the reasoning of the District Court of Appeal, and held that the incontestability clause in the policies of The Mutual Life Insurance Company of New York was ambiguous and construed it against that company. It noted the differences between the incontestability clauses in the policies of The Mutual Life Insurance Company of New York and those in the policies of the New York Life Insurance Company, such as we have here, holding that the latter were more precise than the former, remarking that cases arising under New York Life Insurance Company policies "must be appraised accordingly." (*Stroehmann* v. *Mutual Life Ins. Co. of N. Y.,* 300 U. S. 435 [57 S. Ct. 607, 81 L. Ed. 732].)

The same subject was examined further by the Third Circuit Court of Appeals in the case of *Ruhlin* v. *New York Life Ins. Co.,* 93 Fed. (2d) 416, construing the incontestability clause used in policies of the New York Life Insurance Company. It was there said:

"The 'language' employed in the incontestability clause here involved (New York Life Insurance Company) is the same as that used in the Gatti Case, but, as the Supreme Court

pointed out, differs from that used in the Stroehmann Case. (Mutual Life Insurance Company of New York.) The language used in the clause here in question is 'more precise' than that employed in the Stroehmann Case, and 'expressed in plain words the exception for which' the company now contends. Furthermore, both the Court of Appeals of New York and the Supreme Court of Pennsylvania have held that the incontestability clause here involved clearly excepts the double indemnity and disability provisions from its operation. *Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45, 188 N. E. 152, 90 A. L. R. 642; *Manhattan Life Insurance Co.* v. *Schwartz*, 274 N. Y. 374, 9 N. E. 2d. 16; *Guise* v. *New York Life Ins. Co.*, 127 Pa. Super. 127, 191 A. 626. We have read the recent opinion of the Supreme Court of California in the case of *Coodley* v. *New York Life Insurance Co.*, [9 Cal. (2d) 269] 70 P. 2d. 602, and the opinion of Judge Coughlin in the case of *New York Life Insurance Co.* v. *Thomas*, 27 Pa. Dist. & Co. R. 215, but are not persuaded that the learned District Judge erred.''

An identical comment on the cases of *Coodley* v. *New York Life Insurance Company*, *supra*, and *New York Life Insurance Company* v. *Thomas*, *supra*, was made by the Supreme Court of the United States in *Ruhlin* v. *New York Life Insurance Company*, *supra*.

The next case requiring our consideration is *Coodley* v. *New York Life Insurance Company*, *supra*, decided on July 21, 1937. It involved a New York Life Insurance Company policy having an incontestability clause in the precise language of the one now before us. There is no material difference in the legal effect of the two policies.

While the opinion of the Supreme Court does not so state, an examination of the record discloses that Mrs. Coodley was a resident of California when she applied for the policy, and justifies the assumption that thereafter she continued to be a resident of this state. No contention was there made that under the provisions of section 1646 of the Civil Code the incontestability clause in the policy must be construed and applied under the New York rule. These are the only points of distinction between the Coodley case and the instant case.

The Supreme Court affirmed the judgment of the trial court in favor of Mrs. Coodley and approved her contentions, which it summarized as follows:

"On the other hand, it is respondent's contention that the exception in the incontestable clause 'as to provisions and conditions relating to disability benefits' reserves only unto the insurance company the right to set up as defenses against any claim for disability benefits, the provisions and conditions set forth in the body of the policy, *viz.*, on page headed 'Total and Permanent Disability', and that fraud not being mentioned as a provision or condition under such heading, and not being excepted in the incontestable clause itself, that, therefore, the defendant and appellant is barred and precluded by the incontestable clause from contesting the policy and any claim thereunder on the grounds of alleged fraud in the application and precluded from attacking the validity of the policy, or any portion or part thereof, for alleged fraud in the application, or in the procuring or inception of said policy."

The last California case on this subject which requires our attention is *Blair* v. *New York Life Ins. Co.*, 40 Cal. App. (2d) 494 [104 Pac. (2d) 1075], decided on August 21, 1940. The Supreme Court denied a petition for hearing on October 17 of the same year.

Except for the date, the name of the insured, the amount, the place of application and place of delivery, the policy in the Blair case is identical with the policy in the instant case, even to the extent of policy loans having been made to each insured. Blair was a resident of the State of Washington at the time of his application for the policy and its delivery to him. He paid some premiums and received some of the benefits in that state. He subsequently moved to California where disability benefits were paid to him and were subsequently discontinued.

We are informed that in construing the incontestability clause of the New York Life Insurance Company policies, Washington follows the same rules as are applied in New York and Pennsylvania. (*Millis* v. *Continental Life Ins. Co.*, 162 Wash. 555 [298 Pac. 739].) Therefore, there does not seem to be a single material fact to distinguish the Blair case from the instant case.

The same contentions were made by the insurer in the Blair case as are made by the defendant here. All of them were resolved in favor of the insured and the judgment in his favor was affirmed on appeal.

The court points out that there is no specific provision of the policy that the laws of New York shall govern in any controversy over the legal interpretation to be placed on any part of it; that it provides that the total disability benefit will be paid upon receipt of due proof at the home office; that premiums may be paid either at the home office or to any authorized agent in exchange for a duly executed receipt; that there is no restriction placed on the residence of the assured.

From this it was reasoned that it was the original intent to have the policy performed in part in New York and in part in Washington, that delivery usually completes the contract. The court then said:

"The law of the place of performance of an insurance contract controls as to legal construction and effect, but that of the place where made governs on all questions of execution and validity (*Flittner* v. *Equitable Life Assur. Soc.*, 30 Cal. App. 209 [157 Pac. 630]), unless the terms of the contract provide otherwise or the circumstances indicate a different intention. In this case, the circumstances do not indicate that in the matter of interpretation of the contract, the parties intended to be restricted to the laws of the State of Washington, where the contract was consummated by the delivery of the policy.

"In the body of the policy, there is a provision that 'This policy is free of conditions as to residence . . . except as provided herein. . . . ' We fail to find an excepted condition. Under the terms of the policy, the premiums could be paid at the home office or to an authorized agent in exchange for the company's official receipt signed by a designated officer and countersigned by the agent receiving the premium. Under this provision, the contract was to be performed partly in New York and partly in any other place where the premiums were paid or other necessary business could be transacted.

"In recognizing California as the place for the payment of benefits by delivery thereof in this state, defendant waived any right to insist that the Washington law governed. The waiver is not one of jurisdiction, but of the right to apply the Washington law to an action tried in California. The intention of the parties, as gathered from attending circum-

stances, is controlling in determining the place of trial and the governing laws. Liability for the breach of a contract partly performed in one state, and made and partly performed in another, is fixed by the laws of the state wherein the breach occurred. (17 C. J. S., p. 343.) The breach in this case was defendant's refusal to pay further disability income benefits to plaintiff in California. . . .

"California has answered the question in *Coodley* v. *New York Life Ins. Co.,* 9 Cal. (2d) 269 [70 Pac. (2d) 602], involving an identical incontestability clause in another policy issued by the same company. It is conceded by the company that, after a stipulated period, evidence based on false statements, even though fraudulently made, was barred as a defense, unless by the terms of the policy fraud was expressly or impliedly excepted from the effect of the incontestability provision. (*Dibble* v. *Reliance Life Ins. Co.,* 170 Cal. 199 [149 Pac. 171, Ann. Cas. 1917E, 34]; *Mutual Life Ins. Co.* v. *Margolis,* 11 Cal. App. (2d) 382 [53 Pac. (2d) 1017].)

"Had defendant desired to take advantage of the exception provided in the incontestability clause as relates to the facts in this case, it could and should have definitely included such provision in the 'Total and Permanent Disability' section of the policy, and had it desired that any controversy relative to an interpretation of this clause should be controlled by the laws of the place of execution of the contract, such provision could easily have been inserted in the policy."

The judgment for the insured was affirmed, the court evidently applying the rule that uncertainties in an insurance policy must be construed against the insurer who prepared the form of the policy.

Defendant urges that these California cases fail to give effect to the plain provisions of section 1646 of the Civil Code; that the entire subject should be reopened and reexamined; that under the facts of this case the New York and Pennsylvania rules should be applied in California. This argument might be addressed to the Supreme Court but can hardly be controlling in a District Court of Appeal. We consider the question settled and ourselves bound by the California cases we have cited.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.