## TURNER *v.* MANUFACTURERS' CASUALTY INSURANCE COMPANY

[No. 118, October Term, 1954.]

*Decided March 25, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, and HAMMOND, JJ.

*John Brockenbrough Fox,* with whom was *David Friedman* on the brief, for the appellant.

*Jack L. Medwedeff* and *Robert E. Coughlan, Jr.,* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Charles Turner, appellant, from a judgment for costs entered in favor of Manufacturers Casualty Insurance Company, appellee, on the sustaining of appellee's demurrer without leave to amend.

On November 13, 1953, the plaintiff, appellant here, filed a petition for a declaratory judgment in the Court of Common Pleas of Baltimore City, under the provisions of Code, (1951), Article 31A. This petition alleged (1) that the appellee had issued to Susquehanna Orchards, Inc., (Susquehanna), a body corporate of the State of Pennsylvania, a policy of insurance under the terms of which said policy, known as "voluntary coverage policy," the said appellee did insure the agricultural employees of Susquehanna for loss and disability due to accidental injuries arising out of and in the course of their employment with Susquehanna. This policy, at the time of the accident hereinafter referred to, was in full force and effect.

(2) On or about September 22, 1952, the appellant, Charles Turner, was an employee of Susquehanna, and an insured under the aforesaid policy and entitled directly and otherwise to claim benefits thereunder in accordance with the terms thereof. The said policy undertook and stated that the benefit payments and liability thereunder were in accordance with the Pennsylvania Workmen's Compensation Statute, (Title 77, Chapter 1 *et sequentia,* Purdon's Pennsylvania Statutes, Annotated.)

(3) On or about September 22, 1952, the said Charles Turner did suffer an accidental injury arising out of and in the course of his employment with Susquehanna in the State of Pennsylvania, and was seriously and

grievously injured to such an extent that the said Charles Turner is still and will be permanently, totally and completely disabled within the meaning of the applicable policy and statutory terms and is entitled to the maximum payments and benefits under the terms of said policy.

(4) That the appellee did from the 7th day after the accident viz: September 29th, 1952, until September 6th, 1953, pay the appellant the sum of $1,045.66 at the rate of $21.34 per week, same being two-thirds of the appellant's wages. On or about September 6, 1953, the appellee advised the appellant that no further payments were to be paid to him, although under the terms of the aforesaid policy a person totally and permanently disabled, by virtue of the provisions of the statute aforesaid, is entitled to payments for a period of 700 weeks.

(5) That the appellant has not been able to examine the said policy of insurance, although he, through counsel, has requested opportunity to do so, which request has not been complied with.

The appellant prays a declaratory decree that the appellee is liable under the terms of the aforesaid policy unto the appellant for payments of compensation in accordance with the schedules set forth for permanent and total disability under the Pennsylvania Statutes aforesaid and construing the provisions of the said policy to such effect. He also prays that issues of disability, as may be raised, be tried by a jury, as provided in the Maryland Statute aforesaid and for other and further relief and especially under Code, (1951), Article 31A, Section 8.

For the purposes of this case it is admitted here that there is no jurisdiction under the Pennsylvania Workmen's Compensation Act; that there is no liability in a suit at law against Susquehanna; that the insurance policy adopts the Pennsylvania schedule as a yard stick to govern the amount of compensation payable; that the substantive law of Pennsylvania governs; and that under the Pennsylvania Workmen's Compensation Act, if tot-

ally, permanently and completely disabled, appellant would be entitled to $21.34 per week for 700 weeks. It is also admitted that, although suit could have been maintained against the insurance company either in Pennsylvania or Maryland, as the suit is brought here, the procedural law of Maryland governs.

The question before us here is whether the Petition for Declaratory Judgment presents such a controversy as entitles the appellant to relief under the provision of Code, (1951), Article 31A, *supra.*

In *Gnagey v. Pennsylvania T. & F. Mutual Casualty Ins. Co.,* (Supreme Court of Pennsylvania, 1938), 2 A. 2d 740, an employee brought an action in assumpsit directly against an insurance company under a policy issued by that company in the form of a Workmen's Compensation Insurance Policy. The policy contained an endorsement undertaking coverage of farm labor of the employer "in accordance with the liability for compensation benefits under the Workmen's Compensation Act of Pennsylvania." Apparently, according to the allegations of the declaration in the instant case, that policy was similar to the one before us here. In the *Gnagey* case, the employee was injured when kicked by a colt and suffered a paralysis of his left side. He was paid compensation for a total of 53 weeks according to the schedule of the Pennsylvania Workmen's Compensation Act. The insurance company then refused to make further payments, claiming that the employee had fully recovered. On November 4, 1935, the plaintiff filed his claim with the Workmen's Compensation Board of Pennsylvania. The claim was dismissed because the claimant was an agricultural worker. The suit in assumpsit was instituted on April 1, 1937, and at the trial a verdict was directed in favor of the plaintiff in the sum of $4,421.02. On appeal the insurance company claimed, among other things, that limitations under the Workmen's Compensation Act barred the claim and that the judgment was not in proper form. The Supreme Court of Pennsylvania there held that the effect of the policy

merely made the schedule of rates and manner of payments of the Workmen's Compensation Act a part of the contract and that other parts of the Act, such as the period of limitations, did not apply. The Court further held that the judgment was correctly entered for the full amount recovered, whether then due or whether payable in future installments. The Court had ample power to control or stay any writ of execution attempting to compel the payment of the judgment more rapidly than contemplated by the Workmen's Compensation Act, and that the judgment was subject to any future termination or modification justified by the death of the claimant or by a change in the character of his disability.

As pointed out by the appellant, it is said in 142 *A. L. R.* 65: "The remedy of declaratory judgment has been held or assumed to be proper to determine the rights and obligations of the insurer and the insured under disability provisions of life and of health and accident insurance policies." *Stephenson v. Equitable Life Assurance Society,* (1937), 4th C. C. A., 92 F. 2d 406; *Ostroff v. N. Y. Life Ins. Co.,* (1939), 9th C. C. A., 104 F. 2d 986; *Ballard v. Mutual Life Ins. Co. of N. Y.,* (1940), 5th C. C. A., 109 F. 2d 388; *Business Men's Assurance Co. v. Sainsbury,* (1940), 10th C. C. A., 110 F. 2d 995; *Mutual Life Ins. Co. of N. Y. v. Drummond,* (1940), 8th C. C. A., 111 F. 2d 282; *Mutual Ins Co. of N. Y. v. Tormohlen,* (1941), 7th C. C. A., 118 F. 2d 163; *Mutual Life Ins. Co. v. Krejci,* (1941), 7th C. C. A., 123 F. 2d 594; *Columbian National Life Ins. Co. v. Goldberg,* (1943), 6th C. C. A., 138 F. 2d 192; *Travelers Ins. Co. v. Helmer,* (1936), 15 F. Supp. 355; *Mutual Life Ins. Co. v. Harris,* (1940), 32 F. Supp. 90; *Travelers Ins. Co. v. Wechsler,* (1940), 34 F. Supp. 721; *Braun v. N. Y. Life Ins. Co.,* (1941), 46 Cal. App. 2d 335, 115 P. 2d 880; *Prudential Ins. Co. v. Cannon,* (1947), 211 S. C. 134, 44 S. E. 2d 25; *Illinois Law Review,* Vol. 34, (1939-1940), page 245; *Columbia Law Review,* Vol. 53, (1953), pages 1130, 1133.

In *Aetna Life Ins. Co. v. Haworth,* (1937), 300 U. S. 227, 57 S. Ct. 461, 108 A. L. R. 1000, five life insurance policies were involved. There was a single clear-cut issue in the case—whether disability existed when payment of premiums ceased, the policies providing for certain benefits if insured became totally and permanently disabled. Chief Justice Hughes said in that case: "If it were found that he was totally and permanently disabled as he claimed, the duty of the company to pay the promised disability benefits and to maintain the policies in force could likewise be adjudicated. There would be no difficulty in either event in passing a conclusive decree applicable to the facts found and to the obligations of the parties corresponding to those facts. If the insured made good his claim, the decree establishing his right to the disabilty benefits, and to the continuance of the policies in force during the period of proved disability, would be none the less final and conclusive as to the matters thus determined even though a different situation might later arise in event of his recovery from that disability and his failure after that recovery to comply with the requirements of the policies. Such a contention would present a distinct subject matter."

It was said in *Borchard, Declaratory Judgments,* (1941 Ed.), page 422: "There seems to be no good reason why in the interests of judicial economy such a judgment granting a declaration of the right to future installments should not be rendered, since it could always be limited to the period of actual disability, thus enabling the company to reopen the case whenever the disability ceases." See also *Mutual Life Ins. Co. of N. Y. v. Beckmann,* (1935), 261 Ky. 286, 87 S. W. 2d 602; *Asbury v. N. Y. Life Ins. Co.,* (E. D. Ky.), 45 F. Supp. 513.

It was held in early cases in Maryland that where one of the common remedies of law or equity was adequate and available, a proceeding for a declaratory judgment was not appropriate within the contemplation of the Declaratory Judgment Act. *Caroline Street Permanent Bldg. Asso. v. Sohn,* 178 Md. 434, 13 A. 2d 616; *Tawes*

*v. Williams,* 179 Md. 224, 17 A. 2d 137. See *Borchard, Declaratory Judgments;* 2d Ed., pgs. 249, 345. In 1945 the Maryland Legislature amended Code, (1939), Article 31A, Section 6, and by Chapter 724, Acts of 1945, made it clear that it was the legislative intent to make the declaratory remedy freely available, regardless of whether there was another adequate remedy available at law or in equity. The force of this amendment has been fully recognized. *Cambridge v. Eastern, Etc. Co.,* 192 Md. 333, 64 A. 2d 151, and cases there cited. This is not a case where there is an attempt to by-pass administrative action within the expert knowledge of the administration tribunal. *Kahl v. Cons. Gas. El. Lt. & Power Co.,* 191 Md. 249, 60 A. 2d 754. The Maryland State Industrial Accident Commission has no jurisdiction in this case. Nor is it an effort to substitute an equitable remedy for a legal one. *Glorius v. Watkins,* 203 Md. 546, 102 A. 2d 274. The purpose here is not only to recover money for the amount of compensation due on the date of trial, but also to obtain a declaration that plaintiff is entitled to compensation as long as he is permanently and totally disabled, up to the maximum of 700 weeks. Compare *Bachman v. Lembach,* 192 Md. 35, 63 A. 2d 641.

As we are informed that the appellant has now obtained a copy of the insurance policy and as it could probably have been obtained under the discovery rules, we will not consider that allegation in the petition.

The appellee claims the action should have been one at law in assumpsit and, if the demurrer in this case is overruled, that any action on any insurance policy can be brought under the Declaratory Judgment Act. With this contention we do not agree. Whether in an action in assumpsit a judgment could be obtained in this State for the full amount at the rate of $21.34 per week for 700 weeks, less the compensation previously paid, the yard-stick in the policy, before the expiration of the 700 weeks, as in the Pennsylvania case of *Gnagey, supra,* is not before us here.

The appellant contends that if he brings an action in assumpsit on the insurance policy, he can obtain judgment, if he proves disability, only for the amount of compensation due to that date and that the insurance company at any time thereafter might discontinue compensation under the claim that the claimant was no longer disabled. It would then be necessary for him to file another action in assumpsit, get service on defendant, await the necessary time for defendant's appearance, and proceed with another trail where it would be necessary to show continued disability, and that this might well lead to a multiplicity of suits. Appellant claims that, if he is permitted to proceed by way of declaratory judgment and, if he shows that he is still permanently and totally disabled, he can obtain judgment for the amount of compensation then due and a further declaration of the liability of the defendant under the policy. If, at any time thereafter defendant stops payment, claiming that plaintiff's disability has ceased, he can then file in the declaratory judgment case a petition for continued compensation and, without delay, have the question determined.

Code, (1951), Article 31A, Section 6, dealing with the discretionary power given the courts under the Uniform Declaratory Judgments Act, provides in part: "(Discretionary). Relief by declaratory judgment or decree may be granted in all civil cases in which an actual controversy exists between contending parties, or in which the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or when in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree shall serve to terminate the uncertainty or controversy giving rise to the proceedings."

Code, (1951), Article 31A, Section 8, *supra,* provides: "(Supplementary Relief.) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

We are of opinion that the Uniform Declaratory Judgments Act is particularly appropriate to determine the rights of the parties in the instant case. It appears that such procedure will avoid a multiplicity of suits and is the most judicious manner "to terminate the uncertainity or controversy." The declaratory proceedings appear most suitable to determine the controversy. The demurrer should have been overruled.

*Judgment reversed with costs, and case remanded for further proceedings.*