428 F.2d 929
 ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Corporation,
Plaintiff-Appellee,
v.
LAWSON BROTHERS IRON WORKS, a Domestic Partnership, Neal
Lawson, Shirley Lawson, Defendants, Dorothy J.
Charter, Defendant-Appellant.
 No. 690-69.
 United States Court of Appeals, Tenth Circuit.
 July 15, 1970.
 
 James W. Merz, Oklahoma City, Okl. (Don Manners, Oklahoma City, Okl., on the brief), for defendant-appellant.
 James W. Shepherd, Oklahoma City, Okl., for plaintiff-appellee.
 Before LEWIS, Chief Judge, BREITENSTEIN and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This appeal is taken from an order of the United States District Court for the Western District of Oklahoma in a declaratory judgment action brought by St. Paul Fire and Marine Insurance Company (St. Paul), the appellee herein.
 
 
 2
 St. Paul had issued a comprehensive general liability insurance policy to Shirley Lawson and Neal Lawson d/b/a Lawson Brothers Iron Works (Lawson Brothers). While the policy was in effect, Lawson Brothers did some welding under contract for a third party. Several months after the work was done, Thomas Perry Charter was killed when one of the plates welded by Lawson Brothers broke and thereby caused a piece of equipment to fall upon him.
 
 
 3
 The decedent's widow, Dorothy Charter, filed an action for wrongful death against Lawson Brothers in the District Court of Oklahoma County, Oklahoma, alleging that the accident was caused by the negligence of Lawson Brothers.
 
 
 4
 St. Paul then filed a suit for declaratory judgment in the Federal District Court seeking a determination of its obligations under the insurance policy issued to Lawson Brothers. St. Paul joined Lawson Brothers Iron Works, Neal Lawson, Shirley Lawson, and Dorothy Charter as defendants. All the defendants filed answers, and the court held a pretrial hearing and issued a pre-trial order. The pretrial order states that the parties stipulated that the statements of contentions as set out in the pretrial order stand in lieu of all pleadings previously filed.
 
 
 5
 St. Paul's sole initial contention as set out in the pretrial order was:
 
 
 6
 'That plaintiff is entitled to judgment declaring that the liability policy issued by plaintiff to Shirley Lawson and Neal Lawson d/b/a Lawson Brothers Iron Works, does not cover the hazard and liability complained of in the petition filed by Dorothy Charter in the District Court of Oklahoma County, complaining of the death of her husband, Thomas Perry Charter. Specifically, said policy does not provide for completed operations and products coverage.'
 
 
 7
 Thus St. Paul asserted a general disclaimer of liability followed by a specific basis or reason for its position.
 
 
 8
 The defendants also asserted a general position in the order followed by a specific reference to the same particular coverage for completed operations, as follows:
 
 
 9
 'Defendants admit that the policy of insurance issued by plaintiff to defendants does not provide coverage for the acts complained of in the petition filed by Dorothy Charter. However, defendants do contend that they are entitled to reformation of the policy issued by plaintiff to defendants to show coverage for completed operations and products.'
 
 
 10
 The defendants Lawson asserted also that they understood from the sales agent that coverage would insure against liability for defective workmanship in completed operations or products, that they had relied on the expertise of the agent in providing coverage for them, and that the policy ought to be reformed to include completed operations and products coverage.
 
 
 11
 The issues of law as recited in the pretrial order relate only to the issue of reformation, and the case went to trial on the reformation issue only.
 
 
 12
 After a trial on the merits before the Judge, a jury having been waived, the court found that the policy should not be reformed. On May 20, 1969, the court entered a judgment in general terms for the plaintiff providing that St. Paul did not have a duty to investigate the accident resulting in the death of Thomas Charter, was not obligated to defend Lawson Brothers in the suit brought against them by Dorothy Charter, and was 'not obligated to pay any judgments which may be rendered against the said Lawson Brothers Iron Works, Neal Lawson or Shirley Lawson in any litigation arising out of said accident of November 6, 1967, and injuries to or death of Thomas Perry Charter.'
 
 
 13
 On June 4, 1969, the court filed an amended judgment on its own motion which provided that St. Paul was 'not obligated to pay any judgments which may be rendered against the said Lawson Brothers Iron Works, Neal Lawson or Shirley Lawson in any litigation arising out of said accident of November 6, 1967, and injuries to or death of Thomas Perry Charter, which was in issue before this Court under allegations seeking to reform the policy coverages under the products liability or completed operations provisions of the policy.' The court thereby restricted the scope of the judgment to the reformation issue.
 
 
 14
 Dorothy Charter then filed an amended complaint in the state court alleging in addition to the negligent welding that Lawson Brothers' agent had stated that the welding work was safe, that the decedent had relied upon the representation, that the representation was negligently made and that Lawson Brothers knew or should have known that the weld was unsafe. Thus a new cause of action or theory was asserted.
 
 
 15
 St. Paul thereupon moved in the Federal District Court to amend the amended judgment entered in the declaratory judgment action on June 4, 1969, by reentering the court's original unrestricted judgment which had been filed on May 20, 1969. After a hearing and argument the court granted St. Paul's motion and reentered the May 20th judgment. It is from this order reinstating the May 20th judgment that the defendant, Dorothy Charter, has taken this appeal. The defendants, Lawson Brothers Iron Works, Neal Lawson, and Shirley Lawson, did not appeal.
 
 
 16
 The sole question presented in this appeal then concerns the scope of the judgment in the declaratory judgment action commenced by the insurance carrier. We hold that the court erred in reinstating the judgment originally entered on May 20th, and accordingly reverse and remand the case with instructions to reinstate the amended judgment of limited scope entered on June 4, 1969.
 
 
 17
 In Business Men's Assurance Co. of America v. Sainsbury, 110 F.2d 995 (10th Cir.), this court held that the judgment in a suit for declaratory judgment must be responsive to the pleadings and issues presented and that a judgment which goes beyond the issues presented constitutes an advisory opinion upon a hypothetical basis, which the court cannot give. See also Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, D.C., 40 F.Supp. 4, reversed in part 135 F.2d 320 (5th Cir.), affirmed 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, rehearing den. 137 F.2d 176, rehearing den. 322 U.S. 771, 64 S.Ct. 1257, 88 L.Ed. 1596. In the instant case the only issue which was before the court was that of reformation. When the pretrial order is considered as a whole it appears that St. Paul denied coverage only on the basis of the completed operations and products liability exclusion. From the quotations above it is apparent that the broad denial was so limited. Thus to hold generally that St. Paul has no liability at all under other theories would go beyond the scope of the issues presented. All parties were concerned with the reformation question only and the issues were so framed from the initial contention of St. Paul which, after all, initiated the suit.
 
 
 18
 The case of Culp v. Northwestern Pacific Indemnity Co., 365 F.2d 474 (10th Cir.), is most significant. In that case the insured brought a suit for declaratory judgment against his insurer. The insurer had issued an automobile liability insurance policy which excluded coverage for assault and battery. One of the insured's employees, otherwise covered under the policy, became involved in a dispute with another route driver, Grubb, and struck him. Grubb brought an action against the employee and against the employer-insured alleging that the employee was acting within the scope of his employment when he struck him. The employer-insured made demand on the insurer to assume the defense and the insurer refused. In the declaratory judgment action the court held that the insurer had no obligation to assume the defense of the State court action. On appeal this court affirmed that part of the trial court's decision but went on to say, at page 478:
 
 
 19
 'However, we think the trial court erred in disposing of the question of any ultimate liability on the part of the insurer to pay any sum which Culp is or may become legally obligated to pay as damages, because of the injury suffered by Grubb, since so to do ignores the possibility, even though it may be highly improbable, that a claim may ultimately be established by Grubb against Culp within the coverage of the policy. This court so held, under like circumstances, in Harbin v. Assurance Company of America, 10 Cir., 308 F.2d 748, 750.'
 
 
 20
 This decision and the Harbin decision cited above are dispositive of this case. In the case before us the defendants are not precluded by the declaratory judgment proceedings from asserting other causes or theories not there in issue.
 
 
 21
 We accordingly reverse and remand with instructions to reinstate the amended judgment entered by the court below on June 4, 1969.