**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRITTON RAMSEY AND GRAPY
P.C., formerly know as Britton Gray
Ramsey and McCutcheon P.C.,

    Plaintiff-Appellant,

v.

ROBERT DEAN MCCUTCHEON,

    Defendant-Appellee.

No. 05-6021
(D.C. No. 04-CV-581-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Britton Ramsey and Grapy P.C. (the Firm) appeals from the dismissal of its

declaratory-judgment action for lack of subject-matter jurisdiction. On de novo

review, *see Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006), we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

In its Complaint the Firm asserted federal-question jurisdiction, *see* 28 U.S.C. § 1331, over its claim arising from a dispute regarding whether a payment made to defendant Robert Dean McCutcheon should be characterized as ordinary income or capital gain for tax purposes. The Complaint alleged:

7. McCutcheon began working as an employee of the Firm during 2001, and was subsequently issued stock in the Firm.

8. McCutcheon resigned . . . and terminated his employment with the Firm, effective December 31, 2003.

9. McCutcheon transferred his stock to the Firm on November 7, 2003.

10. Pursuant to the agreements in place between the shareholders of the Firm and McCutcheon and the normal operating practice and procedures established by the Firm, McCutcheon was paid on all accounts receivable for which he had billings . . ., an override for production of business relating to billings by other attorneys . . ., and the par value of his stock. . . .

11. Pursuant to the Firm's policies and procedures, the payment to McCutcheon was treated as ordinary income by the Firm, and a W-2 form was issued with appropriate withholdings for state and federal taxes, FICA and medicare.

12. McCutcheon, through counsel, advised the firm . . . that failure to pay him the amount of all taxes withheld from his ordinary income, based on his assertion that such payments were capital gains and not subject to tax as ordinary income but the reduced capital gains tax, would result in McCutcheon filing suit. . . . *The Firm seeks a determination of issues which concern a federal tax question that the Firm properly withheld taxes on McCutcheon's ordinary income, rather than treating McCutcheon's income as a capital gain.*

Aplt. Appendix (App.) at 10-11 (emphasis added). The Firm included additional, nonfederal allegations "supplemental to the primary tax question." *Id.* at 11.

Mr. McCutcheon moved to dismiss for lack of subject-matter jurisdiction, arguing that the case turned merely on contract principles under state law and did not implicate federal law. *See id.* at 12-24. The Firm opposed the motion, reaffirming that its Complaint "seeks a determination of the taxability of McCutcheon's wages, and the propriety of the Firm's withholdings for state and federal taxes, FICA and Medicare," *id.* at 43, and citing authority recognizing "federal question jurisdiction for claims concerning withholding of taxes and interpretation of the Internal Revenue Code," *id.* at 51. The Firm also suggested that in any lawsuit by Mr. McCutcheon over the withholding dispute it would have a defense under 26 U.S.C. § 3403, which generally protects employers from liability for payments made to the Government out of withholdings. *See id.* at 44 n.3, 50-52. The Firm did not, however, ever amend or attempt to amend its Complaint to invoke § 3403 and seek a declaration that the statute would provide a defense to such a suit. Rather, the Complaint remained an effort solely to secure judicial confirmation of the Firm's view of the tax implications of the payment to Mr. McCutcheon.

Noting an unaddressed implication of this relief sought by the Firm, the district court directed the parties to brief whether the federal tax exception in the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201(a), nullified what federal-question jurisdiction, if any, might have arisen from the tax issues raised by the case. *See* App. at 100. Section 2201(a) excludes (with certain inapposite

exceptions) any matter "with respect to Federal taxes" from the scope of the DJA. While worded differently and directed at a distinct procedural remedy, the exclusion is substantively coextensive with a provision in the Anti-Injunction Act (AIA), 26 U.S.C. § 7421, barring any action "restraining the assessment or collection of any tax." *Wyo. Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996) (following *Bob Jones Univ. v. Simon*, 416 U.S. 725, 733 n.7 (1974), which construed DJA as "reaffirming the restrictions set out in the Anti-Injunction Act"); *see also In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 583 (4th Cir. 1996). Both provisions are fatal to the court's jurisdiction. *See Wyo. Trucking Ass'n, Inc.*, 82 F.3d at 932 (holding claims "excluded from [the court's] jurisdiction by the terms of both the [AIA] and the [DJA]").

In response to the district court's order, the Firm reaffirmed that its objective in this action was a determination that it had "properly withheld taxes on . . . [Mr.] McCutcheon['s] . . . ordinary income, rather than treating [his] income as capital gain." App. at 102. (Although the Firm stated in passing that a suit by Mr. McCutcheon over the withheld amount "would have forced [it] to violate 26 U.S.C. § 3403, which requires employers to withhold wages to pay federal income taxes," App. at 103, it did not mention any defense to suit under § 3403, much less seek to amend its pleadings to include a claim for declaratory relief to that effect, *see id.* at 102-05.) Noting that the DJA/AIA tax exclusion was intended to prevent disruption of the tax-collection process and not to limit

-4-

review of other matters simply because they could have a bearing on a party's tax liability, *id.* at 103-05, the Firm concluded that its action should not be barred because it "does not seek any relief here that would interfere with the Government's ability to collect tax revenue. The Firm does not seek to stop the collection or assessment of any kind of tax. In the present case, the tax in question has already been assessed and paid by the Firm," *id.* at 105.

Mr. McCutcheon argued that the tax exclusion should apply, citing case law demonstrating that disputes over the propriety of a withholding from wages trigger the exclusion even in suits between employer and employee that do not purport to estop directly government collection efforts. *Id.* at 110-11; *see, e.g.*, *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir. 1986); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1277 n.1 (7th Cir. 1984); *Chandler v. Perini Power Constructors, Inc.*, 520 F. Supp. 1152, 1155 (D. N.H. 1981). Mr. McCutcheon emphasized "that what the [Firm] is asking of this Court by way of declaratory judgment would be a determination of how the money paid to [him] should be treated for tax purposes." *Id.* at 112.

The district court held that the DJA tax exclusion applied and deprived it of jurisdiction. The court cited the exclusion's reach over matters "that could potentially impede the Government's expeditious assessment and collection of federal taxes," *id.* at 117, and concluded that a determination in Mr. McCutcheon's favor in this case could interfere with the Government's

collection of income taxes on the disputed payment, *id.* at 118. More specifically, the court concluded that although the amount in question had already been paid to the Government, a ruling for Mr. McCutcheon could result in the Government's forfeiture of the tax collected.[1] *Id.* at 118-20. The court therefore held that it lacked jurisdiction over the Firm's federal claim and declined to exercise supplemental jurisdiction over the rest of the case. *Id.* at 120.

On appeal the Firm has recast its position on the jurisdictional issue. It now admits "that to the extent it sought relief related to the actual determination of the taxability [of the disputed payment to Mr. McCutcheon], the Court is without jurisdiction." Aplt. Reply Br. at 3. We accept this concession, without resolving the issue ourselves. Although we cannot accept a concession that we *have* jurisdiction, because the parties cannot grant a court jurisdiction that it does not have, *see Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1231 n.1 (10th Cir. 2006), there is no similar bar to our accepting a concession that we lack

---

[1] The court invoked the principle of res judicata, *see* App. at 119, but the Government is not a party to this action. The court also invoked the principle of stare decisis, however, *see id.*, and in that regard we note that not only the district courts but the Tax Court as well must follow the precedent of the circuit in which they sit. *See Golsen v. C.I.R.*, 54 T.C. 742, 756-57 (1970), *aff'd*, 445 F.2d 985, 988 (10th Cir. 1971); *see also C.I.R. v. Portland Cement Co.*, 450 U.S. 156, 164 & n.14 (1981); *Estate of True v. C.I.R.*, 390 F.3d 1210, 1225-26 & n.12 (10th Cir. 2004). Thus, a merits determination favorable to Mr. McCutcheon in this case could, if affirmed on appeal, have impeded the Government's efforts to retain the collected amount in the event of subsequent tax refund or deficiency litigation in the district court or the Tax Court.

jurisdiction. Such a concession amounts to nothing more than abandonment of a claim; we need not concern ourselves with the motive for the abandonment.

The Firm does not, however, abandon its appeal. Instead, it insists that "to the extent [it] sought relief to prohibit [Mr. McCutcheon] from pursuing the threatened action against [it] for making tax withholdings, the District Court clearly had jurisdiction." *Id.* The Firm refers here to § 3403 and the defense it provides for employers sued for wrongful withholding of taxes. *See id.* at 2-4. The problem with this tack is that the Firm did not seek such relief in this case. The scope of a DJA case is limited to the issues presented by the claims for declaratory relief in the pleadings. *St. Paul Fire & Marine Ins. Co. v. Lawson Bros. Iron Works*, 428 F.2d 929, 930-31 (10th Cir. 1970). As we noted above, a claim asserting a § 3403 defense would be substantively distinct from the declaration the Firm has sought throughout this case to confirm its determination of the tax status of the payment to Mr. McCutcheon. Indeed, the successful assertion of a § 3403 defense would eliminate the Firm's interest in obtaining such a declaration.

In short, the Firm has abandoned the federal claim it actually asserted in district court and attempts to rescue its case by arguing the merits of a claim not pleaded below. Because "we review the case as it stood before the district court," *Grubbs v. Bailes,* 445 F.3d 1275, 1279 (10th Cir. 2006), the Firm's course of action leaves us with a purely academic question unmoored from the case

-7-

properly under review. "It is an elementary maxim of our legal system that a court decides only the case before it, and can not render advisory opinions disposing of other issues not presented for decision." *In re Chicago, Rock Island & Pac. R. Co.*, 772 F.2d 299, 303 (7th Cir. 1985). We decline to offer an advisory opinion as to whether the Firm *could have* brought an action seeking a declaration under § 3403 that Mr. McCutcheon may not sue to recover funds it withheld and paid over (correctly or not) to the Government.

Finally, the Firm contends that the district court should not in any event have dismissed the action but rather merely stayed it, under the doctrine of primary jurisdiction, until the tax issues raised were resolved in an appropriate forum. This contention rests on a misunderstanding of the law. The doctrine of primary jurisdiction applies to claims "properly cognizable in court," permitting administrative referral of issues within special agency expertise while the court retains jurisdiction (or dismisses the case without prejudice). *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). Thus, the doctrine "presupposes that the court . . . has jurisdiction over the case." *Baltimore & Ohio Chicago Terminal R.R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 411 (7th Cir. 1998); *see Sunflower Elec. Co-op v. Kan. Power & Light*, 603 F.2d 791, 795 (10th Cir. 1979) (explaining that doctrine is implicated "[w]hen a federal court is presented with a case within its jurisdiction but which involves an issue within the competence of an administrative body in an independent proceeding[, and] comity and avoidance of conflict as well as

perhaps other considerations suggest propriety in referring the issue").  In short,

jurisdictional deficiencies preclude use of the doctrine; they are not cured by it.

The judgment of the district court is AFFIRMED.


Entered for the Court


Harris L Hartz
Circuit Judge